J-S41009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDDIE FELICIANO, | |
| Appellant | No. 27 MDA 2015 |

Appeal from the PCRA Order entered December 18, 2014,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0003359-2010

BEFORE:  ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 10, 2015**

Eddie Feliciano ("Appellant") appeals *pro se* from the order denying his first petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm the PCRA court's order in part, and remand for resentencing.

The pertinent facts have been summarized as follows:

> On Monday, January 18, 2010, Detective Christopher Mayer of the Reading Police Department was working in an undercover capacity in the Vice Section handling drug transactions, among other matters.  At the time, Detective [Pasquale] Leporace was also working in the Vice Section of the Reading Police Department.  After receiving information from a confidential source, Detective Leporace instructed Detective Mayer to accompany the confidential source to the 800 block of Locust Street in the City of Reading, Berks County, Pennsylvania, to attempt to purchase five bags containing cocaine from [Appellant].
>
> A few moments after Detective Mayer and the confidential source arrived in the 800 block of Locust

*Retired Senior Judge specially assigned to the Superior Court.

Street, [Appellant] exited 848 Locust Street and walked to the passenger side of Detective Mayer's vehicle. Detective Mayer was driving a blue, late-80's model Chevrolet pickup truck. [Appellant] approached the passenger side of the truck and handed the confidential source five bags containing a substance that subsequently tested positive for cocaine. Detective Mayer took the five packets from the confidential source and handed [Appellant] $40 in pre-recorded U.S. currency. [Appellant] walked away from the truck, and Detective Mayer and the confidential source went to the Vice Office, where Detective Mayer performed a preliminary Valtox test on the substance in the packets. The substance tested positive for cocaine. Detective Mayer then placed the five packets containing cocaine into an evidence envelope, which he sent to the Bethlehem Regional Laboratory for chemical testing.

On January 21, 2010, Detective Mayer returned to the 800 block of Locust Street with the confidential source around 2:30 [p.m.] Detective Mayer was driving the same blue truck. After parking the truck, Detective Mayer encountered an unnamed Hispanic female (hereinafter "Jane Doe"). Detective Mayer stepped out of the truck and spoke with Jane Doe. She told [Detective Mayer], "he's bagging it up. He will be out." Jane Doe walked into 848 Locust Street, and Detective Mayer returned to the driver's seat of the truck. A few moments later, [Appellant] exited 848 Locust Street, approached the truck, and got in the passenger side. [Appellant] instructed Detective Mayer to drive around the block. During the ride, Detective Mayer handed [Appellant] $40 in pre-recorded U.S. currency in exchange for five bags containing a substance that subsequently tested positive for cocaine.

*Commonwealth v. Feliciano*, 67 A.3d 19, 21-22 (Pa. Super. 2013) (*en banc*) (citation omitted).

Appellant was arrested and charged with multiple drug and conspiracy offenses. Over Appellant's objection at his jury trial, the trial court permitted the statement made by Jane Doe. *See* N.T., 3/23/11, at 29. The

jury convicted Appellant of all charges. On March 30, 2011, the trial court imposed an aggregate term of seven years and three months to fourteen years and six months of imprisonment.

Appellant filed a timely appeal to this Court. After a panel of this Court originally reversed and remanded for a new trial based upon its belief that Jane Doe's statement was inadmissible, we granted the Commonwealth's petition for reargument. *Feliciano*, 67 A.3d at 23. In a published opinion, we rejected Appellant's challenges to the sufficiency of the evidence, as well as to the chain of custody of the drugs. Additionally, we concluded that the trial court properly admitted Jane Doe's statement to Detective Mayer under the co-conspirator exception to the hearsay rule. *Id.* at 26-27. On November 16, 2013, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Feliciano*, 81 A.3d 75 (Pa. 2013).

On February 24, 2014, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On July 9, 2014, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In his "no-merit" letter, PCRA counsel addressed each issue raised by Appellant in his *pro se* petition, and concluded that Appellant's claims were either previously litigated or lacked arguable merit. The PCRA court granted PCRA counsel's motion to withdraw on September 11, 2014. After conducting an independent review of the

record, the PCRA court filed, on November 6, 2014, Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant filed his response on November 18, 2014. By order entered December 18, 2014, the PCRA court denied Appellant's PCRA petition. This timely *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Within his *pro se* brief, Appellant raises the following issues:

A. Whether trial counsel provided ineffective assistance by failing to conduct a thorough investigation of the unidentified Jane Doe co-conspirator who could have provided material and favorable testimony?

B. Whether trial counsel provided ineffective assistance in failing to challenge whether the Commonwealth's investigation of Appellant was improperly protracted resulting in sentencing manipulation?

C. Whether direct appeal counsel provided ineffective assistance in failing to seek remand during the pendency of [*allocatur*] in the Pennsylvania Supreme Court between 6/13/13 and 11/26/13 to challenge the legality of Appellant's sentence pursuant to [**Alleyne v. United States**], 133 S.Ct. 2151 (2013)?

D. Whether PCRA counsel provided ineffective assistance for failing to file an amended petition raising the ineffective assistance of trial and appellate counsel?

Appellant's Brief at 3.

This Court may only overturn a PCRA court's dismissal of a PCRA petition based on an error of law or an abuse of discretion. **Commonwealth v. Johnson**, 841 A.2d 136, 140 (Pa. Super. 2003), *appeal denied*, 858 A.2d 109 (Pa. 2004). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless

they have no support in the certified record." ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa. Super. 2008), *citing* ***Commonwealth v. McClellan***, 887 A.2d 291, 298 (Pa. Super. 2005), *appeal denied*, 897 A.2d 453 (Pa. 2006). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

To be eligible for post-conviction relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Carpenter***, 725 A.2d 154, 160 (Pa. 1999). An issue has been "previously litigated" if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence. ***Carpenter***, 725 A.2d at 160; 42 Pa.C.S.A. § 9544(a)(2), (3). If a claim has not been previously litigated, the petitioner must then prove that the issue was not waived. ***Carpenter***, 725 A.2d at 160. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b).

In his first issue, Appellant asserts that trial counsel was ineffective for failing to fully investigate and/or present the testimony of the unidentified Jane Doe. The PCRA court, citing this Court's conclusion that sufficient evidence established Jane Doe as a co-conspirator, concluded that Appellant's present claim is previously litigated under the PCRA. *See* PCRA Opinion, 2/23/15, at 6-7. Even were we to disagree, Appellant still would not be entitled to relief.

In order to establish that trial counsel was ineffective for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) [trial] counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied [the appellant] a fair trial.

*Commonwealth v. Thomas*, 44 A.3d 12, 23 (Pa. 2012) (citations omitted). Appellant has not met this burden. Specifically, Appellant has failed to proffer any evidence that Jane Doe would be willing to testify on Appellant's behalf, let alone provide favorable testimony. *See* Pa.R.Crim.P. 902(A)(15) (explaining that "any request for an evidentiary hearing shall include a signed certification at to each intended witness").

Moreover, our review of the record supports the PCRA court's conclusion that Appellant could not establish prejudice:

> Appellant asserts that [Jane Doe's] testimony would have changed the outcome of the trial. This is not so. There was more than sufficient independent evidence to convict [Appellant] without this testimony, as the testimony and exhibits showed that Appellant gave Detective Mayer $40 in pre-recorded currency and the detective received directly from Appellant five bags containing a substance that tested positive for cocaine. As there was no prejudice, we need not address the other [ineffectiveness] prongs.

PCRA Court Opinion, 2/23/15, at 7.

Appellant next claims that trial counsel was ineffective in failing to challenge whether the length of the Commonwealth's investigation and charging choices resulted in "sentencing manipulation." Appellant's Brief at 10. Our review of the record support's the PCRA court's conclusion that Appellant did not raise this claim in his original PCRA petition, and did not petition to amend his petition to include it once PCRA counsel was permitted to withdraw. **See id.**, at 6 n.2. Thus, Appellant's claim is waived under the PCRA, and we need not address it further. **Carpenter**, **supra**.

In his third claim, Appellant asserts that appellate counsel was ineffective for failing to seek a remand of his case while his allowance of appeal was pending so that he could raise an illegality of sentence claim under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). The PCRA court found merit to this claim, and determined that PCRA counsel was ineffective in this regard. The PCRA court explained:

> This PCRA petition, Appellant's first, was filed on February 24, 2014, the day his judgment of sentence became final. Thus, it appears that we may have jurisdiction to review the legality of his sentence.

The United States Supreme Court has held that "[w]hen a decision of this Court results in a [`]new rule,['] that rule applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004), citing *Griffin v. Kentucky*, 479 U.S. 314, 328 (1987). We now find *Alleyne* may be applied retroactively to Appellant, as his case was still pending on direct review when *Alleyne* was decided. The fact that this case is now on collateral review may be of no moment.

We now turn to the merits of Appellant's issue of whether Section 18 Pa.C.S.A. §6317(b), (Drug Free School Zones) is unconstitutional under *Alleyne*. The Superior Court, in *Commonwealth v. Bizzel*, [107 A.3d 102 (Pa. Super. 2014)], very recently stated:

". . . the United States Supreme Court's decision in *Alleyne* rendered unconstitutional those portions of Pennsylvania's mandatory minimum sentencing statutes that allow a judge to increase a defendant's sentence based upon a preponderance of the evidence standard as opposed to utilizing the beyond a reasonable doubt standard. Thus, *Alleyne* rendered 18 Pa.C.S. § 6317(b) unconstitutional."

*Id.* at [104].

Appellant raises a valid constitutional issue that applies to his sentences.

\*\*\*

PCRA counsel was ineffective for failing to raise this new constitutional rule in an Amended PCRA petition. He was appointed March 10, 2014, well after *Alleyne* was decided, and it appears that this constitutional rule was applicable to his client's case.

Appellant preserved the issue of ineffectiveness of PCRA counsel by raising it in his objection to our Notice of Intent to Dismiss. *See Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012) citing *Commonwealth v. Pitts*, 987 A.2d 875 (Pa. 2009).

Accordingly, we respectfully request that the Superior Court vacate Appellant's sentence and remand this matter

- 8 -

for resentencing, without application of the mandatory minimum sentences, as Appellant's sentence was still under direct review when **Alleyne** was decided. It appears that this new constitutional rule concerning mandatory minimum sentences applies to Appellant retroactively. Further, §6317(b) has been rendered unconstitutional in its entirety.

PCRA Court Opinion, 2/23/15, at 9-10 (emphasis omitted). **See also Commonwealth v. Hopkins**, 2015 Pa. LEXIS 1282, ___ A.3d ___ (Pa. 2015) (affirming unconstitutionality of § 6317 in its entirety and concluding that its provisions are non-severable).

Our review of the record supports the trial court's conclusion that PCRA counsel should have raised appellate counsel's ineffectiveness for failing to amend Appellant's *allocatur* petition to include an **Alleyne** claim. Appellant challenges PCRA counsel's ineffectiveness in his fourth and final issue. Although Appellant's claim regarding PCRA counsel's failure to raise trial counsel's ineffectiveness lacks merit, we agree with the PCRA court that PCRA counsel should have raised a claim of appellate counsel's ineffectiveness.

In sum, we affirm the PCRA court's dismissal of Appellant's PCRA petition to the extent he claimed ineffectiveness of trial counsel. However, as requested by the PCRA Court, we grant Appellant collateral relief in the form of vacating his judgment of sentence pursuant to **Alleyne**, and remand for resentencing.

Order affirmed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2015