**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Andre DANIELS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 19, 2008.
Filed April 24, 2008.

Andre Daniels, appellant, pro se.

Risa V. Ferman, Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, DONOHUE, and FITZGERALD *, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Montgomery County on May 25, 2006, dismissing Appellant's first petition for post-conviction relief filed pursuant to the Post–Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. Additionally, Appellant's counsel, Francis J. Genovese, Esquire, has filed a petition for leave to withdraw as counsel. Counsel is granted leave to withdraw, and the order dismissing Appellant's petition for post-conviction relief is affirmed.

* Former Justice specially assigned to the Superior Court.

¶ 2 On April 28, 2003, a jury convicted Appellant of eleven offenses, including attempted murder, robbery, and aggravated assault in connection with the armed robbery of an American Appliance Store in Cheltenham Township, on July 10, 2000. During the robbery, Appellant shot the store manager, and he and his accomplice physically assaulted employees and customers. On July 15, 2003, the court sentenced Appellant to an aggregate forty-four (44) to ninety-seven (97) year term of imprisonment. This Court affirmed the judgment of sentence on July 8, 2004. *Commonwealth v. Daniels*, 859 A.2d 828 (Pa.Super.2004) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Supreme Court.

¶ 3 On May 25, 2005, Appellant filed a *pro se* PCRA petition. Counsel was appointed, and an amended petition was filed on Appellant's behalf. Therein, it was alleged that trial counsel was ineffective for failing to present an alibi witness and failing to object to the trial court's reference, during its charge to the jury, to the O.J. Simpson murder trial. Following an evidentiary hearing held on May 4, 2006, the court dismissed Appellant's PCRA petition on May 25, 2006.[1] The present appeal was then filed.[2]

¶ 4 Herein, Appellant presents the following question for review:

Should the Appellant, Andre Daniels, be entitled to relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., because the Trial Court erred in dismissing the PCRA Petition as Appellant was rendered ineffective assistance of counsel when trial counsel failed to object to the trial court's reference to its opinion of the jury verdict in the O.J. Simpson case during its charge to the jury.

Brief for Appellant at 4.

¶ 5 Prior to addressing Appellant's underlying claim of ineffective assistance of counsel, we must resolve counsel's petition to withdraw. On July 10, 2007, counsel filed with this Court an *Anders*[3] brief and a petition to withdraw from representation. We note, however, that the procedure set forth in *Anders* is not the appropriate vehicle for withdrawing from PCRA representation. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super.2003) (*Anders* briefs are procedurally inappropriate on PCRA appeals). Instead, when attempting to withdraw on collateral appeal, the procedure fashioned in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*) must be followed. In *Commonwealth v. Friend*, 896 A.2d 607 (Pa.Super.2006), this Court explained this procedure as follows:

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter,

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's re-

---

1. On June 1, 2006, Appellant, acting *pro se*, filed a supplemental PCRA claim. On July 20, 2006, the PCRA court dismissed the petition because of the pending appeal. *See Commonwealth v. Lark*, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000) (petitioner is precluded from filing PCRA petition if previous PCRA petition is still pending).

2. Pursuant to the trial court's order to do so, Appellant filed a concise statement of matters complained of on appeal, to which the court issued an opinion in accordance with Pa. R.A.P.1925(a).

3. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

view of the merits of each of those claims,

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless,

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5. [T]he court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6. [T]he court must agree with counsel that the petition is meritless.

*Id.* at 615 (footnote omitted).

¶ 6 In the case *sub judice,* counsel's *Anders* brief comports with the *Turner/Finley* procedure outlined in *Friend.* Counsel described the extent of his review, identified the issue Appellant sought to raise, and explained why such issue lacks merit. In addition, counsel mailed to Appellant a letter informing him of his intention to seek permission to withdraw from representation and advising Appellant of his rights in lieu of representation. Thus, we conclude that counsel has complied with the requirements necessary to withdraw as counsel. *See Karanicolas,* 836 A.2d at 947 (substantial compliance with requirements will satisfy *Turner/Finley* criteria). We now turn to an independent review of Appellant's PCRA petition to ascertain whether his claim entitles him to relief.

¶ 7 We note that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to determining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. *Commonwealth v. Liebel,* 573 Pa. 375, 379, 825 A.2d 630, 632 (2003). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. McClellan,* 887 A.2d 291, 298 (Pa.Super.2005).

¶ 8 With regard to claims of ineffective assistance of counsel, the Supreme Court has stated that:

[C]ounsel is presumed to have rendered effective assistance, and the defendant has the burden to prove otherwise. In order for a defendant to obtain relief based on ineffective assistance of counsel, the defendant must show: (i) that the underlying claim is of arguable merit; (ii) that counsel had no reasonable basis designed to effectuate the defendant's interests for the act or omission in question; and (iii) that counsel's ineffectiveness actually prejudiced the defendant (i.e., but for counsel's ineffectiveness, there is a reasonable possibility that the outcome of the proceeding would have been different).

*Commonwealth v. Begley,* 566 Pa. 239, 280, 780 A.2d 605, 630 (2001) (citations omitted). It is the burden of the defendant to prove all three prongs of the foregoing test, and a failure to satisfy any prong requires rejection of the defendant's claim. *Commonwealth v. Washington,* 592 Pa. 698, 712, 927 A.2d 586, 594 (2007). In addition, we note that counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Nolan,* 579 Pa. 300, 855 A.2d 834 (2004).

¶ 9 Herein, Appellant complains that counsel provided ineffective assistance in failing to object to the trial court's reference to the O.J. Simpson case. In rejecting Appellant's PCRA petition, the PCRA court concluded that Appellant's claim had been previously addressed by this Court in an unpublished memorandum, wherein a three-judge panel confronted the propriety of the trial court's remarks as they related to the Appellant's co-defendant and concluded that co-defendant's counsel did not provide ineffective assistance in failing to object to the statement. *See Commonwealth v. Byrd,* 905 A.2d 1040 (Pa.Super.2006) (unpublished memorandum at 5–7). In reaching its determination, the panel considered the propriety of the following remarks, which the trial court uttered immediately prior to its formal charge to the jury:

Good Morning. Before I start the charge of the Court, which is basically the principles of law that apply to this case, I would like to address you in all sincerity.

I know this has been a long drill for you and for counsel, and for the parties and the witnesses, and actually for myself. And I know many of you have sacrificed a great deal to do your duties as citizens of this country. I want to thank you for your kind and courteous attention to everything that has transpired during the trial of this case, and your attentiveness to everything. I am constrained, just because of contemporary America, to say that I hope you will comport yourself and do your duties with due diligence, and not do something

that happened in the O.J. [Simpson] case, because it was an unduly long case. And that is, the jury rushed to judgment. I think, in fairness to all concerned, you should give this case every bit of scrutiny that you have at your disposal. I don't want you to abandon your common sense, or logic, or reason, out of emotion or sympathy or bias or prejudice. I want you, as ordinary citizens, to address this case as you would in doing your business every day.

\* \* \*

And I personally feel the same way about myself, because I have spoken to my wife—who is in Savannah—all weekend long, and she's not a happy camper. But this is my duty. And I'll stay here as long as it is required, to insure that everybody gets a fair shake.

*Id.* (unpublished memorandum at 4–5), citing N.T. 4/28/03 at 3–5.

¶ 10 After reviewing the charge as a whole, the panel reasoned that, while improper and potentially divisive, the trial court's statement was not unduly prejudicial in the context that it was presented. Hence, it concluded that counsel did not provide ineffective assistance in failing to object to the passing remark. *Id.* at 5–6.

¶ 11 In the present case, the PCRA court reasoned that *Byrd* was the law of the case and, therefore, ruled that it was precluded from revisiting the remarks in question *vis-à-vis* Appellant.[4] For the reasons that follow, we affirm the court's order dismissing Appellant's PCRA petition; and, in doing so, we decline to ad-

---

4. As our Supreme Court has explained, the "law of the case" doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the mat-

ter." *Commonwealth v. Starr,* 541 Pa. 564, 574, 664 A.2d 1326, 1331 (1995). The case at bar potentially implicates the doctrine's rule concerning an appellate court's authority upon a second appeal to alter the resolution of a legal question previously decided by the same appellate court.

dress the court's application of the law of the case doctrine. *See Commonwealth v. Price*, 876 A.2d 988, 994 (Pa.Super.2005) (if correct, this Court may affirm an order denying PCRA relief on any ground).

¶ 12 A review of the record reveals that, during the PCRA hearing, trial counsel explained that he recalled the remark in question and, looking at the jury instruction as a whole, he did not "remember it being of significance at the time." N.T. 5/4/06 at 21. In fact, counsel confirmed that he could not think of any reason why he would have objected to the statement at the time, adding, "I'm not shy in the courtroom. If I felt it was objectionable, I would have objected. It didn't strike me at that time as objectionable." *Id.* at 23.

¶ 13 The above-cited excerpt supports counsel's decision to forgo an objection. While we do not encourage references to the O.J. Simpson case when charging a jury, under the facts of this case, we find the trial judge's remarks were intended to caution the jury against rushing to judgment. It is equally apparent that the judge did not intend to interject his personal opinion of the Simpson verdict, but rather, merely sought to insure fairness and diligence during the deliberation process. Indeed, the trial judge was compelled to direct the jury to "give this case every bit of scrutiny you have at your disposal." Accordingly, we find that trial counsel did not provide ineffective assistance by failing to challenge the judge's passing reference to the O.J. Simpson trial in highlighting the importance of rendering a thoughtful, unhurried verdict. *See Commonwealth v. Spotz*, 587 Pa. 1, 96, 896 A.2d 1191, 1247 (2006) (counsel will not be not deemed ineffective for failing to raise a meritless objection).

¶ 14 Based on the foregoing, we grant counsel's petition to withdraw, and affirm the order of the PCRA court dismissing Appellant's petition for post-conviction relief.

¶ 15 Petition to Withdraw Granted; Order Affirmed.

¶ 16 DONOHUE, J. CONCURS IN THE RESULT.