J. S33014/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JONATHAN SANTIAGO, | : | No. 1598 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 8, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0505311-2005

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 19, 2014**

Appellant appeals from the denial of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A..  Finding no error, we affirm.

Appellant was arrested on April 27, 2005, following an incident on Lycoming Street in Philadelphia in which appellant shot and killed a compatriot while attempting to shoot another individual.  The trial court accurately summarized the procedural history:

> On April 27, 2005, defendant, Johnathan [sic] Santiago, was arrested and charged with murder, generally, possession of instruments of crime, carrying a firearm on a public street, and carrying a firearm without a license.  Defendant was tried before this Court, sitting without a jury, on June 21, 2006, and convicted of murder of the third degree, possession of instruments of crime, carrying a firearm without a license, and carrying a firearm on a

public street. Subsequent thereto, defendant received concurrent sentences of incarceration of ten to twenty years, two-and-a-half to five years, three-and-a-half to seven years, and no further punishment, respectively on the above four convictions.

Following the imposition of the sentence, defendant's attorney filed an untimely post-sentence motion, which was never ruled upon. No appeal was filed. However, defendant filed a *pro se* petition under the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. (PCRA), after which, defendant was granted the right to file a notice of appeal *nunc pro tunc*. Subsequently, defendant filed a notice of appeal as well as a requested 1925(b) statement. Said appeal was discontinued on November 10, 2011.

On January 26, 2012, defendant filed a timely *pro se* PCRA petition. Counsel was appointed to represent defendant and on November 6, 2012, counsel filed a no-merit letter. Subsequent thereto, after defendant was sent a Pa.R.Crim.P. 907 notice, to which he filed a response, this Court dismissed defendant's PCRA petition without a hearing and permitted PCRA counsel to withdraw. Defendant thereafter filed a timely notice of appeal as well as a requested 1925(b) statement.

Trial court opinion, 10/1/13 at 1-2.

Appellant raises two issues on appeal:

WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN DENYING AND/OR OTHERWISE DISMISSING WITHOUT A HEARING APPELLANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR DISMISSAL OF THE CHARGES AGAINST APPELLANT BASED UPON VIOLATION OF PA.R_CRIM.P. 600?

> WHETHER THE PCRA COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN DENYING AND/OR OTHERWISE DISMISSING WITHOUT A HEARING APPELLANT'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A TIMELY POST-SENTENCE MOTION?

Appellant's brief at 4.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Moreover, as appellant's issues on appeal raise ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. *Commonwealth v. Pond*, 846 A.2d 699, 708 (Pa.Super. 2003).

We first address appellant's general contention that the PCRA court erred in not conducting an evidentiary hearing.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. **Commonwealth v. Jordan**, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. **Id.** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. **Commonwealth v. Hardcastle**, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

**Commonwealth v. Wah**, 42 A.3d 335, 338 (Pa.Super. 2012), quoting **Commonwealth v. Turetsky**, 925 A.2d 876, 882 (Pa.Super. 2007), **appeal denied**, 940 A.2d 365 (Pa. 2007).

Appellant's issues pertain to instances of ineffective assistance of counsel. Where the issue concerns ineffective assistance of counsel, an evidentiary hearing is usually necessary only to determine if counsel's failure to act was an oversight or some kind of tactical decision. The other two prongs of the test for ineffectiveness, underlying merit of the claim and prejudice to the defendant, can usually be determined from the record. Because an appellant must prove all three prongs, the failure to prove a single prong results in a finding of no ineffectiveness. Thus, an evidentiary hearing need not be held where it can be determined from the record that

the underlying claim has no merit or that there has been no prejudice to appellant. That is the situation here and we find no error in failing to hold an additional evidentiary hearing.

Appellant first asserts that counsel was ineffective in failing to file a motion to dismiss charges pursuant to the speedy trial rule, Pa.R.Crim.P., Rule 600, 42 Pa.C.S.A. Rule 600 provides, in pertinent part:

> **Rule 600. Prompt Trial**
>
> (A) Commencement of Trial; Time for Trial
>
> > (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.
> >
> > (2) Trial shall commence within the following time periods.
> >
> > > (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.
>
> (C) In determining the period for commencement of trial, there shall be excluded therefrom:
>
> > (1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and

> could not be determined by due diligence;
>
> (2) any period of time for which the defendant expressly waives Rule 600;
>
> (3) such period of delay at any stage of the proceedings as results from:
>
>> (a) the unavailability of the defendant or the defendant's attorney;
>>
>> (b) any continuance granted at the request of the defendant or the defendant's attorney.

Rule 600 (A) and (C), in pertinent part.

Appellant was arrested on April 27, 2005, and was not brought to trial until June 21, 2006, facially in violation of the mechanical Rule 600 run date of April 27, 2006. An examination of the record, however, in particular the quarter-panel continuance sheets used by the Philadelphia Court of Common Pleas, reveals a number of defense requests for continuances. Specifically, we note defense requested continuances from 7/5/05 to 7/27/05 (22 days), 7/29/05 to 8/30/05 (32 days), 9/13/05 to 9/28/05 (15 days), 9/28/05 to 10/27/05 (29 days), and 10/26/05 to 11/01/05 (5 days[1]). Pursuant to Rule 600(C)(3)(a), these continuances, totaling 103 days, must be excluded from the elapsed time. This results in an adjusted Rule 600 run date of

---

[1] October 26 and 27, 2005, were already counted under the preceding continuance.

August 8, 2006. Thus, appellant was brought to trial within the Rule 600 period, and trial counsel had no reason for filing a Rule 600 motion. There is no ineffectiveness on this basis.

Appellant also claims that trial counsel was ineffective in failing to file a timely post-sentence motion requesting reconsideration of his sentence. We may quickly dispose of this argument on the basis that appellant cannot satisfy the prejudice prong of the test for ineffectiveness:

> No relief is due on this claim because this Court would have summarily dismissed a motion for reconsideration of sentence had one been filed. The sentence imposed on defendant was the result of careful consideration of the facts of the case, the contents of the pre-sentence reports, and defendant's evidence and personal circumstances. Consequently, there was nothing either counsel or defendant could have said to convince this Court to impose a lesser sentence than the one imposed on him, which, it is noted was within the standard range of the applicable Sentencing Guidelines.

Trial court opinion, 10/1/13 at 8-9.

Clearly, counsel's inaction did not prejudice appellant because the trial court would not have granted a motion to reconsider sentence. There is no ineffectiveness here.

Accordingly, having found no merit in any issue on appeal, we will affirm the order below.

Order affirmed.

J. S33014/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2014