J. S33015/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MAURICE JONES, : No. 854 EDA 2014
:
Appellant :


Appeal from the PCRA Order, March 4, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000354-2011


BEFORE:  FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 08, 2015**

Appellant appeals the order dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546.  Finding no merit in the issue raised on appeal, we affirm.

On January 10, 2012, appellant was found guilty following a bench trial of robbery-threatening serious bodily injury, carrying firearms without a license, and resisting arrest.  The charges against appellant arose from an incident that occurred shortly before midnight on December 31, 2010, in Upper Darby.  As the victim was returning home from work, he heard appellant behind him and turned to look.  He described appellant as dark-skinned, with braids and a hoodie.  (Notes of testimony, 12/15/11 at 8.)  The victim stated that he turned around three times to observe

appellant. (*Id.* at 29.) The victim made an in-court identification of appellant. (*Id.* at 8.)

During the robbery, appellant took an iPod, a cell phone, and some money from the victim. (*Id.* at 14.) After the robbery, the victim went to his house, which was just ten feet from where the incident occurred. (*Id.* at 16.) The victim's mother called the police, who arrived in two to five minutes. (*Id.*) The police had the victim get in their car and proceeded to drive around the neighborhood. (*Id.* at 17.) As they approached a group of kids, the victim said, "I think that's them." (*Id.*) A police officer testified that they called the victim's cell phone, that appellant answered the phone, and that the victim identified appellant as the perpetrator. (*Id.* at 35.)[1]

At this point, the police car made a U-turn, and appellant fled. The police gave pursuit and the officer testified that he never lost sight of appellant. (*Id.* at 17-18, 40.) After police caught appellant, they took the victim to the scene where the victim identified appellant as the perpetrator. (*Id.* at 19.) The victim noted that appellant matched his description. (*Id.*) No gun or contraband of the victim was found on appellant. (*Id.* at 40.)

Prior to trial, appellant's counsel filed a Motion for a Line-up which the court denied following a review of the notes of testimony from the preliminary hearing and the argument of counsel. On April 12, 2012, appellant was sentenced to 6 to 13 years' imprisonment followed by one

---

[1] The officer also made an in-court identification of appellant. (*Id.* at 36.)

year of probation. No direct appeal was filed. On March 27, 2013, appellant timely filed the instant PCRA petition **pro se**. Counsel was appointed and an amended petition was filed. On January 9, 2014, an evidentiary hearing was held at which appellant and his trial counsel testified. As noted, the petition was dismissed and appellant now brings this timely appeal.

On appeal, appellant raises a single issue, contending that counsel was ineffective in failing to file a direct appeal upon request, or in failing to adequately consult with appellant as to the merits of an appeal.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Moreover, as appellant's issue on appeal is stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any

prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

Preliminarily, we note that both appellant and trial counsel, Howard Anmuth, Esq., testified at the PCRA hearing. The PCRA court has made an on-the-record finding that the testimony of appellant was not credible and that the testimony of Attorney Anmuth was credible. (Trial court opinion, 11/26/14 at 2-4.)[2] We are bound by the credibility determinations of the court where they are supported by the record. ***Commonwealth v. Stewart***, 84 A.3d 701, 711 (Pa.Super. 2013), ***appeal denied***, 93 A.3d 463 (Pa. 2014). Consequently, we cannot accept appellant's account and must accept Attorney Anmuth's testimony in resolving appellant's issue on appeal.

In his issue on appeal, appellant argues that counsel was ineffective in failing to file a direct appeal or failing to consult. Appellant claims he wanted Attorney Anmuth to appeal the denial of the Motion for a Line-up. We note the following guide to our inquiry in matters pertaining to the alleged failure to file a direct appeal upon request:

> "Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel

---

[2] The pages of the trial court opinion are unnumbered; the numbers given are by our count.

> disregarded that request." ***Commonwealth v. Knighten***, 742 A.2d 679, 682 (Pa.Super.1999), ***appeal denied***, 563 Pa. 659, 759 A.2d 383 (2000).
>
> The rule set out by ***Knighten*** was subsequently modified by more recent decisions, particularly ***Roe v. Flores-Ortega***, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and its Pennsylvania expression, ***Commonwealth v. Touw***, 781 A.2d 1250, 1254-1255 (Pa.Super.2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason for counsel to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal under ***Knighten***, such that counsel could still be found to be ineffective in not filing an appeal even where the defendant did not request the appeal.
>
> Pursuant to ***Flores-Ortega*** and ***Touw***, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

***Commonwealth v. McDermitt***, 66 A.3d 810, 814-815 (Pa.Super. 2013).

At the hearing, Attorney Anmuth testified that he habitually makes it a point to discuss appeals options with clients. (Notes of testimony, 1/9/14 at 29.) He stated that whenever a client asks for an appeal, he instructs them to contact the appeals department of the Public Defender's Office. (***Id.***) If the client writes him a letter, he forwards it to the appeals department. (***Id.*** at 30.) While Attorney Anmuth could not testify with 100% accuracy that appellant did not request an appeal, he stated that if appellant had, he

would have told him to contact the appeals department. (*Id.* at 35.) Attorney Anmuth stated that appellant never wrote him a letter or e-mail, or telephoned him requesting an appeal. (*Id.*) Attorney Anmuth did opine that appellant did not have any rational, non-frivolous grounds for an appeal. (*Id.* at 32.)

We are bound by the PCRA court's credibility findings, and we must, therefore, conclude that appellant did not request an appeal. As for Attorney Anmuth's obligation to consult with appellant, we also find that counsel had no duty arising under **Flores-Ortega** and **Touw**. There simply was no issue as to identification. The victim never wavered, hesitated, or equivocated in his identification, and he identified appellant on multiple occasions. Moreover, appellant was apprehended minutes after the crime and matched the victim's description. Finally, police also testified as to appellant's identity. There was no reason why Attorney Anmuth should have believed that appellant wanted an appeal or that an appeal of the order denying a line-up was anything other than frivolous. We find no merit here.

Accordingly, we will affirm the order dismissing appellant's PCRA petition.

Order affirmed.

J. S33015/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015