J. S30026/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA

                v.              :

                                 :
MARK ANTHONY ENDRES,        :        No. 3045 EDA 2014
                                 :
          Appellant     :

Appeal from the PCRA Order, August 22, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0001356-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 17, 2015**

Mark Anthony Endres, appeals, ***pro se***, from the order of August 22, 2014, dismissing his Post Conviction Relief Act ("PCRA") petition.[1]  We affirm.

The trial court has summarized the facts of this case as follows:

> On June 1, 2011, following the denial of his motion to compel the production of the confidential informant, Appellant was found guilty of Possession with Intent to Deliver and Possession of a Controlled Substance in the subsequent waiver trial before the court.  The evidence at trial showed that, on November 4, 2010, between the hours of 2 P.M. and 7 P.M., [a]ppellant sold heroin to a confidential informant (CI) inside the his [sic] barber shop (shop) located at 1022 S. 9th St. in Philadelphia. Philadelphia Police Officer Peggy McGrory, testified that she was alerted to drug sales occurring at [a]ppellant's shop by the CI she used to make the

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

buy on November 4, 2010. Before entering [a]ppellant's barber shop, the CI was searched and no drugs were found. Officer McGrory then observed the CI engage in a drug transaction with [a]ppellant from her position on the sidewalk across the street as she looked into the window and door of the [a]ppellant's shop. Her view was unobstructed and she was not using any optics to enhance her vision. Officer McGrory clearly observed the transaction between [a]ppellant and the CI which occurred towards the rear of the barber shop and lasted about five minutes. She described the seller as a white male between 5' 8" and 5' 11" with short hair and a mustache. Officer McGrory testified further that, at the time, there was an employee in the shop along with [a]ppellant, and that there may have been someone getting a haircut. Officer McGrory never lost sight of the CI while he or she was inside [a]ppellant's shop. The CI returned to Officer McGrory with four packets of heroin. On November 6, 2010, a search warrant was obtained and the [a]ppellant's shop was searched. Pursuant to the search warrant, approximately five grams of marijuana was found in a hat in a storage room at the back of the shop. Officer McGrory identified [a]ppellant as the person that engaged in the drug sale with the CI and [a]ppellant was arrested. At the time of his arrest, [a]ppellant had an Oxycodone pill and Clonazapam pills for which he had a prescription.

At trial, [a]ppellant testified that he was in and out of his shop on the day of the drug transaction. He also testified that he employed two women at his shop. Appellant stated that a lot of people were in the shop getting their hair cut on the day of the drug buy. A page from the [a]ppellant's appointment book dated November 4, 2010 that contained names and times of appointments was presented at trial. Some of the names on the document were not complete. There was a reference to a "Jeff, German lawyer"[Footnote 2] and a "former BC/BS guy." While that date in his appointment book appeared to be full, [a]ppellant insisted that he could still have

been in and out of his shop under those circumstances. None of the persons identified on the page of the appointment book testified at trial. Following presentation of all the evidence, appellant was found guilty. On July 19, 2011, following denial of his oral motion for reconsideration of sentence and the testimony of several character witnesses, [a]ppellant was sentenced to two and one half to five years['] incarceration and made work release eligible. He did not file a direct appeal.

> [Footnote 2] This individual was later identified as Jeff Adeli at the PCRA hearing.

On October 13, 2011, [a]ppellant timely filed a *pro se* PCRA petition and PCRA counsel was appointed. Subsequently, [a]ppellant retained private counsel who filed an amended petition alleging that trial counsel was ineffective for failing to investigate or call the witnesses identified in [a]ppellant's appointment book and for failing to pursue an alibi defense as [a]ppellant allegedly requested him to do. The Commonwealth filed a motion to dismiss on August 27, 2013 to which [a]ppellant filed a response on August 28, 2013. After carefully reviewing all of the submissions and relevant law, the Court filed a notice to dismiss on September 20, 2013. Both [a]ppellant and counsel filed a response to the notice to dismiss. On November 1, 2013, the case was continued to permit PCRA counsel to conduct further investigation. Thereafter, on April 4, 2014, an evidentiary hearing was conducted on the issues raised in [a]ppellant's petition. Appellant testified that he gave trial counsel a copy of the November 4, 2010 appointment schedule from his appointment book. The appointment schedule did not contain the full names of all individuals and contained no contact information. Appellant said that he told trial counsel that the patrons listed would prove that he did not engage in a drug transaction in his shop on that date. Initially, he testified that he told trial counsel to contact the listed individuals. However, on

cross-examination [a]ppellant could not recall whether trial counsel instructed him to have the potential witnesses contact him, but stated that if counsel had instructed him to contact the patrons, he would have. He did not provide trial counsel with any contact information. Appellant further testified that trial counsel had discussed trial strategy with him and decided to pursue the defense theory of mistaken identity with which appellant agreed. In addition, [a]ppellant admitted that he modified the appointment schedule **after** his arrest by writing in that an individual arrived earlier than he was actually scheduled. There were also other notations written on the document post arrest. Both versions of the appointment schedule were presented during the hearing. The one given to trial counsel prior to trial and presented at trial did not include the modifications made by the [a]ppellant after his arrest.

Trial counsel also testified at the hearing stating that he met with [a]ppellant many times to prepare for trial including apprising [a]ppellant of what his defense strategy would be. Counsel testified that given the limited information contained in the appointment book it would have been difficult to contact the witnesses. He also stated that he instructed the [a]ppellant to give him contact information for the witnesses or have the witnesses contact him directly.

Appellant called three witnesses during the evidentiary hearing: Mr. James Porreca, Mr. Jeff Adeli and Mr. Joseph Stivala. Mr. Porreca testified that he arrived at the shop sometime between 2 P.M. to 3 P.M. and stayed in the shop for an hour to an hour and a half. He stated that the [a]ppellant never left the shop during the time he was there. He also testified that he did not witness a drug transaction while he was in the shop. On cross examination Mr. Porreca did not have an independent recollection of what date he was in the shop. He stated that he knew he was in the shop on the date of the crime because it was the date the [a]ppellant was arrested.

When presented with the fact that the [a]ppellant was arrested two days after the events in question, Mr. Porreca said he just knew he was present the day in question. He could not articulate how he came to know this except that he heard it from someone after the fact. He also stated that there were other people in the shop, but he did not know who they were. Mr. Porreca did not contact the [a]ppellant's trial counsel and was under the impression that counsel would contact him. Additionally, he noted that the [a]ppellant had his phone number and that he knew [a]ppellant his whole life. Finally, Mr. Porreca testified that he had never witnessed a drug transaction in his life.

Mr. Adeli testified that he was in the shop from approximately 3 P.M. to 3:30 or 4 P.M. He stated that the [a]ppellant was with him the whole time and that he did not see a drug transaction. On cross examination, Mr. Adeli had no independent recollection of [the] date he was at the shop. He stated he knew he was there because the [a]ppellant **told** him he was in the shop on the date in question. He also said that there were other people in the shop, but he did not know who they were. Mr. Adeli also never contacted trial counsel. He also testified that he had never seen a drug transaction in his life.

Mr. Stivala testified that he was at the shop from 4:30 P.M. to either 5:30 or 6 P.M. He stated that the [a]ppellant did not leave the area of the barber's chair while he was in the shop. He further stated that he had never witnessed a drug transaction. On cross examination, Mr. Stivala had no independent recollection of the date he was in the shop. When pressed, he said he remembered the date because of its association with astrological signs. He later admitted that it was the [a]ppellant who **told** him he was in the shop on the date in question. He also testified that there was a customer seated in the barber chair when he entered the shop and that there was [sic] no other customers in the shop after he left. Mr. Stivala testified that he told the [a]ppellant that he was available for trial,

- 5 -

but did not contact counsel. He also stated that he had witnessed one or two narcotics transactions in his life.

Following the hearing, [a]ppellant submitted a post hearing brief on May 15, 2014 and the Commonwealth submitted their response on May 28, 2014. On September 23, 2014, after carefully reviewing all of the submissions and the notes of testimony from the evidentiary hearing, the Court entered an order denying [a]ppellant's petition for PCRA relief. This appeal followed.

Trial court opinion, 12/24/14 at 1-5 (footnote one omitted).

The following issues have been presented for our review:

1. Did the [PCRA] Court err in failing to find that trial counsel was ineffective for failing to investigate known witnesses who were in [appellant's] shop and would have testified that no drug transaction took place while they were there[?]

2. Did the [PCRA] Court err in failing to find that trial counsel was ineffective for failing to call known witnesses at trial who would have testified that they were in [appellant's] shop and would have testified that no drug transaction took place while they were there[?]

3. Did the [PCRA] Court err in failing to find trial counsel ineffective for failing to follow [appellant's] request for an "alibi" defense (customers were in the shop who would have testified that they did not observe a drug transaction) but instead limited the defense to challenging the identification by Officer McGrory?

Appellant's brief at 4.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as most of appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

We find no error with the PCRA court's holding. After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, it is our determination that there is no merit to the questions raised on appeal. First, appellant argues that

counsel was ineffective for failing to present Porreca, Adeli, and Stivala as alibi witnesses. Appellant avers they were each in the barbershop and would have served as alibi witnesses. Here, counsel testified that the appointment book at the barbershop did not have proper contact information for the listed customers. For instance, there were entries in the appointment book for "Jeff the German Lawyer," "Jerry from C and E," and "Former BC/BS Guy." (Notes of testimony, 4/4/14 at 88, 98.) Counsel told appellant that any potential witnesses could contact him and provide their potential testimony. (*Id.* at 99-100.) Appellant never supplied counsel with the necessary information. Porreca testified that appellant never provided him with trial counsel's contact information. Adeli testified that appellant never asked him to speak with his attorney. (*Id.* at 44-45, 58-59.) Stivala testified that he never spoke with counsel and was not aware of appellant's trial. (*Id.* at 76-77.)

Furthermore, at the PCRA hearing, none of the men demonstrated that they had independent memory of being in the barbershop on November 4, 2010, to provide an alibi. On cross-examination, Porreca testified that he could not remember whom he spoke with while getting his hair cut; nor could he remember what time of day he was there -- only that he usually gets his hair cut in the afternoon. (*Id.* at 41.) Such testimony certainly could not have altered the outcome of the trial. Adeli initially testified that he was in the barbershop from about 3:00 p.m. to 4:00 p.m.; however, on

cross-examination he contradicted himself and conceded he had no independent recollection of November 4th and only testified he was in the barbershop because appellant told him that he had been there. (*Id.* at 57-58.) The absence of this testimony cannot be said to be prejudicial. Similarly, Stivala testified that appellant did not "remind" him that he was in the barbershop but "told him" "do you realize that you were in there at that time." (*Id.* at 73.) Appellant has not established prejudice and no relief is due.

Appellant next claims that counsel was ineffective in failing to present an alibi defense in addition to the mistaken identity defense. (Appellant's brief at 25.) However, as the trial court aptly notes, each of appellant's witnesses presented at the evidentiary hearing placed appellant at the barbershop during the entire span of time each were there, which included the time when the CI made the buy. (*Id.* at 38, 49, 63-64.) An alibi defense, however, places the defendant in a different place than the scene involved to render it impossible for him to be the guilty party. *Commonwealth v. Rainey*, 928 A.2d 215, 234 (Pa. 2007). Thus, as the PCRA court notes, counsel provided a reasonable strategy as to why he did not pursue this defense but instead thought mistaken identity and challenging the credibility of the officers were a stronger defense. (*Id.* at 84-85.) There can be no finding of ineffectiveness here. If anything, counsel was very much acting in appellant's best interest.

J. S30026/15

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015