J. S25038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
             v.                 :
                                          :
TYRONE CARTER,                    :          No. 2715 EDA 2016
                                          :
                 Appellant        :

Appeal from the PCRA Order, July 20, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0000879-2015

BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2017**

Tyrone Carter appeals from the July 20, 2016 order that granted his request to withdraw his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***). After careful review, we grant counsel leave to withdraw and affirm the order of the PCRA court.

The PCRA court set forth the relevant facts and procedural history of this case as follows.

> On June 17, 2015, [appellant] entered a plea of guilty to Person Not to Possess a Firearm, 18 Pa.C.S.A. § 6105(a)(1).  In exchange for the

> plea, the Commonwealth agreed to bind the [trial c]ourt to a five (5) to ten (10) year sentence, which was the bottom of the standard range of the sentencing guidelines. In addition, the Commonwealth agreed not to pursue the other counts of the Criminal Information. On the same date, th[e trial c]ourt, pursuant to the plea agreement, sentenced [appellant] to a term of imprisonment of not less than five (5) years nor more than ten (10) years in a state correctional institution. Then, on May 12, 2016, [appellant] filed a [**pro se** PCRA petition]. Th[e PCRA c]ourt appointed Attorney Robert Long [(hereinafter, "counsel")] to represent [appellant] in that matter on [May 16, 2016].

PCRA court opinion, 8/10/16 at 1-2.

On July 12, 2016, counsel subsequently filed a "no-merit" letter and a petition to withdraw, in accordance with **Turner**/**Finley**. Thereafter, on July 20, 2016, the PCRA court conducted an evidentiary hearing on appellant's petition. At this hearing, appellant indicated to the PCRA court, following his consultation with counsel, that he wanted to withdraw his PCRA petition. (**See** notes of testimony, 7/20/16 at 4.) The PCRA court entered an order granting appellant's request to withdraw his PCRA petition that same day. On August 8, 2016, appellant filed a timely **pro se** notice of appeal.[1] Because appellant withdrew his PCRA petition, the PCRA court did not rule on counsel's **Turner**/**Finley** petition. Subsequently, counsel filed a

---

[1] The record reflects that the PCRA court did not order appellant to file a concise statement of errors complained on appeal, pursuant to Pa.R.A.P. 1925(b). Nonetheless, on August 10, 2016, the PCRA court filed a Rule 1925(a) opinion.

second "no-merit" letter and a petition to withdraw on November 21, 2016.

On appeal, counsel raises the following issues on appellant's behalf:

> A. WAS TRIAL COUNSEL INEFFECTIVE FOR NOT CONFRONTING OR CROSS EXAMINING HIS CO-DEFENDANTS[?]
>
> B. WAS THERE SUFFICIENT EVIDENCE TO PROVE GUILT BEYOND A REASONABLE DOUBT[?]
>
> C. DID THE COURT IMPOSE AN ILLEGAL SENTENCE[?]

***Turner/Finley*** brief at 4.

Prior to considering appellant's arguments, we must address counsel's "no-merit" letter and petition to withdraw from representation. ***See Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). In ***Commonwealth v. Muzzy***, 141 A.3d 509 (Pa.Super. 2016), a panel of this court recently reiterated the procedure to be observed when PCRA counsel files a "no-merit" letter and seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [***Turner/Finley***] and . . . must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's

> petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel.
>
> . . . .
>
> Where counsel submits a petition and no[] merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.** at 510-511 (some bracketed internal citations amended; case citations omitted).

Herein, we find that counsel's filing with this court complied with the requirements of **Turner**/**Finley**. Specifically, counsel's "no-merit" letter detailed the nature and extent of counsel's review. In preparing the "no-merit" letter, counsel addressed the claims appellant raised in his PCRA petition and determined that the issues lack merit. Thereafter, counsel provided a discussion of each of appellant's claims, explaining why each issue is without merit. Finally, the record reflects that counsel served appellant a copy of the no-merit letter and advised appellant that, if he was permitted to withdraw, appellant had the right to proceed **pro se** or with privately-retained counsel. Thus, we find that counsel's request for leave to withdraw from representation satisfied the requirements of **Turner**/**Finley**. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003)

(stating that substantial compliance with requirements will satisfy the *Turner*/*Finley* criteria).

Appellant contends that counsel was ineffective for not confronting or cross-examining his co-defendants, the evidence was insufficient to sustain his conviction for unlawful possession of a firearm, and that his sentence is illegal. (*Turner*/*Finley* brief at 8-10.) Upon review, we conclude that appellant has waived the claims he now presents on appeal.

Instantly, the record reflects that appellant knowingly and voluntarily withdrew his *pro se* PCRA petition at the July 20, 2016 evidentiary hearing, following consultation with counsel. (Notes of testimony, 7/20/16 at 2-4.) Accordingly, the PCRA court did not have a chance to review or rule on any of these claims, and appellant is precluded from raising these issues for the first time on appeal. *See* Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]").

Based on the foregoing, we affirm the July 20, 2016 order of the PCRA court granting appellant's request to withdraw his PCRA petition and grant counsel's petition for leave to withdraw as counsel.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017