J-S48042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM R. HOSKINS | : | |
| | : | |
| Appellant | : | No. 3078 EDA 2017 |

Appeal from the PCRA Order January 24, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-1127531-1975

BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 18, 2018**

Appellant, William R. Hoskins, (also known as Muhammad Waliyud-Din),
appeals *pro se* from the order entered January 24, 2017, dismissing his fourth
petition, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A.
§§ 9541-9546, as untimely with no exception to the statutory time-bar
pleaded and proven.  We affirm.

On April 4, 1985, a jury convicted Appellant of murder of the first degree
and criminal conspiracy.[1]  Appellant acknowledges that at the time of the
murder he was twenty-three years of age.  (**See** Appellant's Brief, at 9;
Statement of Errors, 10/16/17, at 3; **see also** PCRA Court Opinion, 11/14/17,

---

[1] The PCRA Court also relates that Appellant endeavored to kill an eyewitness
to the murder.  (**See** PCRA Ct. Op., 11/14/17, at 4 n.3)

---

*   Retired Senior Judge assigned to the Superior Court.

at 5). The trial court sentenced Appellant to life imprisonment for his murder conviction, and to a term of not less than five nor more than ten years of imprisonment, concurrent, for his conspiracy conviction. This Court affirmed Appellant's judgment of sentence on January 19, 1988. He did not seek allowance of appeal. Accordingly, his sentence became final on February 18, 1988.

Appellant filed multiple unsuccessful post-conviction petitions. He filed the instant fourth petition under the PCRA, on August 29, 2012. Appointed counsel filed a **Turner**/**Finley** "no merit" letter.[2] Appellant filed an objection. The PCRA court, after independent review of the record, dismissed Appellant's petition and permitted counsel to withdraw. This appeal followed.[3]

Appellant presents one question for our review, which we reproduce verbatim:

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] We note at the outset that Appellant readily concedes his notice of appeal was late, but maintains that he did not receive notice of the January 24, 2017 dismissal order until September 5, 2017. (**See** Notice to File Late Appeal, 9/29/17). He blames a "mix-up" in delivery at the federal correctional institution in New Jersey where he was incarcerated, and where the notice was sent. (**Id.**). He provides copies of documentation suggesting that the notice was immediately (and inexplicably) "returned to sender." (**Id.**). While the explanation is not entirely definitive, and does not totally exclude other causes, for which he might be more culpable, we conclude Appellant has made a reasonable, good faith effort to explain the delay. Accordingly, we give Appellant the benefit of the doubt, and deem his notice of appeal timely filed *nunc pro tunc*.

Is Petitioner/Appellant entitled to post-conviction review since (P.C.R.A.) counsel acted as a Friend of the Court instead of acting as a (sic) active advocate on behalf of petitioner/appellant[?]

(Appellant's Brief, at 4).

Our standard and scope of review for the denial of a PCRA petition is well-settled.

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citations and internal quotation marks omitted).

We must begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *See id*. To avoid the PCRA time-bar, Appellant has the burden to plead and prove by a preponderance of the evidence one of the three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 3 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). Furthermore, any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

Here, Appellant claims the benefit of **Miller v. Alabama**, 567 U.S. 460 (2012), which held, in pertinent part, that mandatory life-without-parole sentences for juveniles under the age of eighteen violate the Eighth Amendment. (**See** Appellant's Brief, at 8); **see also Miller**, **supra** at 470, 479).[4] However, Appellant candidly concedes that he was twenty-three years of age when he committed the murder. Accordingly, he has failed to plead and prove an applicable exception to the PCRA time-bar. The PCRA court properly dismissed his petition as untimely.

Moreover, Appellant's related arguments do not constitute an exception to the PCRA time-bar and in any event would not merit relief. Appellant raises

---

[4] In **Montgomery v. Louisiana**, 136 S. Ct. 718, 732 (2016), *as revised* (Jan. 27, 2016), the United States Supreme Court decided that **Miller** announced a substantive rule that is retroactive in cases on collateral review.

several overlapping issues for review. He claims PCRA counsel was not "an active advocate". (Appellant's Brief, at 4). Specifically, Appellant asserts counsel should have argued for an expansive interpretation of **Miller**, extending its application to him as a twenty-three year old at the time of the murder. (**See id.** at 9-10). We construe this claim liberally as a claim of ineffective assistance of counsel. Notably, a claim of ineffective assistance must still establish one of the statutory exceptions to the PCRA time-bar.

> As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101.

**Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003), *appeal denied,* 879 A.2d 782 (Pa. 2005) (case citation omitted).

Here, Appellant's issue fails to present a cognizable claim for PCRA relief. It is not enough to claim generally that counsel acted as a friend of the court and should have been a more zealous advocate. Appellant had the burden to prove "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

> Our standard of review in ineffectiveness cases is well-settled. Counsel is presumed effective, and the appellant has the burden of proving otherwise. Appellant establishes

ineffectiveness of counsel with a demonstration that: (1) the underlying claim is of arguable merit; (2) counsel's action or inaction was not grounded on any reasonable basis designed to effectuate Appellant's interest; and (3) there is a reasonable probability that the act or omission prejudiced Appellant in such a way that the outcome of the proceeding would have been different. If the issue underlying the charge of ineffectiveness is not of arguable merit, counsel will not be deemed ineffective for failing to pursue a meritless issue. Also, if the prejudice prong of the ineffectiveness standard is not met, the claim may be dismissed on that basis alone and [there is no] need [to] determine whether the [arguable merit] and [client's interests] prongs have been met.

*Commonwealth v. D'Collanfield*, 805 A.2d 1244, 1246–47 (Pa. Super. 2002) (citations and quotation marks omitted).

Here, Appellant's underlying claim, that he was eligible for the special treatment afforded to juveniles by *Miller*, *supra*, is unsupported by controlling authority and lacks arguable merit.[5] This Court cannot deem counsel ineffective for failing to assert a meritless claim. *See Commonwealth v. Daniels,* 947 A.2d 795, 798 (Pa. Super. 2008). "Counsel's assistance is **deemed constitutionally effective** once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test." *Commonwealth v. Rolan*, 964 A.2d 398, 406 (Pa. Super. 2008) (citation omitted) (emphasis in original).

---

[5] *See Roper v. Simmons*, 543 U.S. 551, 574 (2005) for a discussion of why the age of eighteen is "is the point where society draws the line for many purposes between childhood and adulthood."

Appellant's petition is untimely, and he has not satisfied a timeliness exception to the requirements of the PCRA. The PCRA court was without jurisdiction to review the merits of Appellant's claim, and properly dismissed his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18