J-S46037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE A. JACKSON, | : | |
| | : | |
| Jackson | : | No. 2409 EDA 2014 |

Appeal from the PCRA Order entered on July 11, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0012730-2007

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED AUGUST 31, 2015**

Maurice A. Jackson ("Jackson") appeals from the dismissal of his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 2008, following a jury trial, Jackson was convicted of first-degree murder, possession of an instrument of crime, and carrying a firearm without a license, arising out of the shooting death of Keith McCorey ("McCorey").  Jackson was sentenced to life in prison without the possibility of parole.  Jackson filed Post-Sentence Motions, which were denied.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Jackson***, 26 A.3d 1196 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 362 (Pa. 2011).

Jackson filed a timely, *pro se*, PCRA Petition. The PCRA court appointed Jackson counsel, who filed an Amended Petition. The PCRA court issued a Notice of intent to dismiss the Petition without a hearing. Jackson filed a Response. Thereafter, the PCRA court dismissed the PCRA Petition. Jackson filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Jackson raises the following issues for our review:

I. [Whether] the PCRA court err[ed] when it dismissed [the Petition] without a hearing[] where [Jackson] properly pled[,] and would have been able to prove that he was entitled to PCRA relief[,] and more specifically as follows…

a) [Whether] counsel on appeal was ineffective when counsel failed to raise the issue of prosecutorial misconduct[,] where the prosecutor[,] in [the] opening statement[,] referred to the murder of the [McCorey's] brother and[,] of course[,] [] [McCorey's] suffering mother; trial counsel was ineffective when counsel failed to move for a mistrial[?]

b) [Whether] trial counsel was ineffective for failing to object to a witness testifying that[,] at 4:30 in the morning [] "they" could see[,] when that was irrelevant to the issue as to whether the witness could see[?]

c) [Whether] appellate counsel was ineffective for failing to raise an argument on appeal that [Jackson] should be awarded a new trial as the result of the trial court's error in denying a motion for mistrial when the prosecutor engaged in misconduct and asked a question pertaining to [Jackson's] possession of a gun wherein there was no foundation for same[?]

d) [Whether] trial counsel was ineffective for failing to object to an inadequate jury instruction on the issue of alibi[?]

e) [Whether] trial counsel was ineffective when she failed to move for a DNA analysis on a key piece of physical evidence, a hat, found at the scene of the crime[?]

Brief for Appellant at 3.

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Jackson has raised several ineffective assistance of counsel claims. To succeed on an ineffectiveness claim, Jackson must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test of ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on Jackson to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

- 3 -

In his first claim, Jackson argues that trial counsel was ineffective for not raising the issue of prosecutorial misconduct, and failing to move for a mistrial. Brief for Appellant at 9.[1] Jackson contends that the prosecutor's grossly inflammatory comments[2] prejudiced him, and prevented him from receiving due process of a fair trial. *Id*. Jackson asserts that there should have been a mistrial for the prosecutorial misconduct. *Id*.

Here, during his opening statement, the prosecutor referenced the murder of McCorey's brother to explain that the eyewitness, Mylan Harrison ("Harrison"), came forward because he felt bad that McCorey's mother had another son who had been murdered. N.T., 7/29/08, at 50. Jackson's trial counsel immediately objected, and moved for a mistrial. *Id*. at 63-68. The court sustained the objection, struck the statement from the record, and gave a cautionary instruction to the jury, but denied the motion for a mistrial. *Id*. at 64-65, 68; *see also Commonwealth v. Jones*, 668 A.2d 491, 504 (Pa. 1995) (stating that juries are presumed to follow cautionary instructions). In addition to giving the cautionary instruction, the trial court

---

[1] We note that in his Statement of Questions Involved, Jackson also asserts that appellate counsel was ineffective with respect to the issue of prosecutorial misconduct; however, Jackson's brief only argues that trial counsel was ineffective for failing to seek a mistrial. Thus, the issue as to whether appellate counsel was ineffective has been waived on appeal.

[2] Jackson does not identify which statements made by the prosecutor were grossly inflammatory in the Argument section of his brief. *See* Pa.R.A.P. 2119(a). Nevertheless, because Jackson references the comments regarding McCorey's brother and mother in his Statement of Questions, we will address the claim.

instructed the jury that the arguments of counsel are not evidence. **See** N.T., 7/29/08, at 68; **see also Commonwealth v. Stokes**, 839 A.2d 226, 233 (Pa. 2003) (stating that a court's instruction that a prosecutor's comments do not constitute evidence was sufficient to remove any prejudice). Thus, because trial counsel objected and moved for a mistrial, and secured a cautionary instruction from the trial court, Jackson's first ineffectiveness claim is without merit. **See Commonwealth v. Freeland**, 106 A.3d 768, 778 (Pa. Super. 2014) (stating that trial counsel will not be considered ineffective for failing to pursue claims that lack merit).[3]

In his second claim, Jackson argues that trial counsel was ineffective for failing to object to the testimony of Detective Thomas Gaul ("Detective Gaul") and Officer Clyde Frasier ("Officer Frasier"). Brief for Appellant at 11. Jackson contends that the testimony of Detective Gaul and Officer Frasier, confirming that they could see satisfactorily at 4:30 a.m. while at the crime scene, was irrelevant as to whether Harrison could clearly observe the murder at approximately midnight. **Id**. at 11-12.

"The threshold inquiry with the admission of evidence is whether the evidence is relevant." **Commonwealth v. Flamer**, 53 A.3d 82, 84 (Pa. Super. 2012) (quoting Pa.R.E. 402). "The Pennsylvania Rules of Evidence define relevant evidence as evidence having any tendency to make the

---

[3] To the extent Jackson argues that the trial court improperly denied the motion for mistrial, such a claim is not cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2).

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* (quoting Pa.R.E. 401).

Harrison testified that he observed Jackson shooting McCorey at approximately 12:00 a.m. N.T., 7/29/08, at 188. During cross-examination, Jackson's trial counsel challenged Harrison's ability to clearly observe the murder, since it occurred late at night. N.T., 7/29/08, at 244-245. Detective Gaul and Officer Frasier testified that, while it was nighttime when they arrived at the crime scene, the scene was illuminated by street lights and the lights on the nearby houses, and they had no trouble seeing the street during their evidence recovery. N.T., 7/30/08, at 39-41; 7/29/08, at 164-66. The testimony of Detective Gaul and Officer Frasier was relevant to corroborate Harrison's eyewitness testimony about the lighting conditions at the time of the crime. *See* PCRA Court Opinion, 10/31/14, at 5. Thus, we conclude that trial counsel was not ineffective for failing to object to the testimony of the Detective Gaul and Officer Frasier. Accordingly, Jackson's claim lacks merit.

Jackson also claims the prosecutor engaged in misconduct during the cross-examination by asking a prejudicial question of an alibi witness, Ayanna Harris ("Harris"), Jackson's former girlfriend, regarding Jackson's possession of a gun. Brief for Appellant at 12. Jackson argues that trial counsel was ineffective when she did not ask the judge to give a ruling on

the motion for mistrial, to sustain the objection and to strike the testimony.

*Id*.

Here, the trial court set forth the relevant law, and determined that trial counsel was not ineffective and the trial court properly removed any potential prejudice. **See** Trial Court Opinion, 10/31/14, at 5-6. We agree with the sound reasoning of the trial court and adopt its reasoning for the purpose of this appeal. **See id**.[4]

In his fourth claim, Jackson argues that trial counsel was ineffective for failing to object to an improper alibi instruction, which failed to reinforce the concept that guilt must always be proved by the Commonwealth regardless of whether or not a jury believes or disbelieves testimony offered by the defendant. Brief for Appellant at 13-14. Jackson contends that the jury instructions were confusing and caused the jury to believe that a reasonable doubt required an alibi. **Id**. at 14. Jackson claims he is entitled to a new trial. **Id**. at 14-15

---

[4] Jackson also baldly argues that appellate counsel failed to raise the issue of whether the trial court erred in denying the motion for mistrial. **Id**.; **see also** Pa.R.A.P. 2119(a) (stating that arguments shall include a discussion of and citation to authorities as are deemed pertinent). Jackson cannot demonstrate that appellate counsel was ineffective for failing to raise this claim on appeal. Here, the trial court struck the question from the record, sustained the objection, and instructed the jury that the question should not be considered evidence. **See Commonwealth v. Bryant**, 67 A.3d 716, 730 (Pa. 2013) (stating that prompt and effective curative instructions may remove prejudice resulting from improper comments by a prosecutor). Although Jackson claims appellate counsel failed to raise the issue that the trial court erred, the trial court has wide discretion in declaring a mistrial and its decision will not be reversed absent an abuse of discretion. **Commonwealth v. Moury**, 992 A.2d 162, 175 (Pa. Super. 2010).

Here, the trial court set forth the relevant law, and determined that the jury instruction was proper and trial counsel was not ineffective for failing to object to it. *See* Trial Court Opinion, 10/31/14, at 6-7. We agree with the sound reasoning of the trial court and adopt its reasoning for the purpose of this appeal. *See id*.

In his last claim, Jackson argues that trial counsel was ineffective for not requesting DNA analysis on a hat found at the scene of the crime. Brief for Appellant at 15. Jackson argues that, because there is nothing in the record to associate the hat with the victim, it could potentially belong to the person who shot McCorey. *Id*. Jackson claims that if DNA testing revealed that the hat belonged to someone else, it could have at least raised a reasonable doubt about Jackson's guilt. *Id*. Jackson asserts that an evidentiary hearing should have been held on this issue. *Id*.

Here, the trial court set forth the relevant law and determined that trial counsel was not ineffective for failing to request a DNA profile on the hat. *See* Trial Court Opinion, 10/31/14, at 8-9. We agree with the sound reasoning of the trial court and adopt its reasoning for the purpose of this appeal. *See id*.

Because the PCRA court's ruling is supported by the record and free of legal error, we conclude that the trial court properly dismissed the Petition

without a hearing.[5]

Order affirmed.

Mundy, J., joins the memorandum.

Olson, J., concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015

---

[5] The PCRA court may decline to hold a hearing on a petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.  **Carter**, 21 A.3d at 682.  Thus, because Jackson's claims are without support from the record, the PCRA court did not abuse its discretion in dismissing the Petition without a hearing.

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

**FILED**

**OCT 3 1 2014**

**Post Trial Unit**

COMMONWEALTH OF PENNSYLVANIA

v.

MAURICE JACKSON
PP#  907612

DOCKET NO.: 2409 EDA 2014

CP-51-CR-0010497-2012 Comm. v. Bradley, Aaron
Opinion

|||||||||||||||||||||||||||||||||
7217897801

CP-51-CR-0012730-2007

:

:

:

PCRA APPEAL

## OPINION

Appellant, Maurice Jackson, appeals the dismissal of his petition for relief

pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§9541 et seq. (PCRA). On

July 11, 2014, following a thorough review of the pro se petition, the submissions of

counsel, the record and the applicable case law, appellant's petition was dismissed

without a hearing. A summary of the relevant facts and procedural history follows.

On October 17, 2008, following a jury trial, appellant was found guilty of

first-degree murder, possession of an instrument of crime, and carrying a firearm

without a license for the shooting death of Keith McCorey (McCorey), and was

sentenced to life imprisonment.[1] Post sentence motions were denied and the

Superior Court affirmed the judgment of sentence on March 17, 2011 (814 EDA

---

[1] 18 Pa.C.S.A. § 2502 (a), 18 Pa.C.S.A. § 907, and 18 Pa.C.S.A. § 6108, respectively. Appellant
received a life sentence without parole for first-degree murder,  1-2 years for possession of an
instrument of crime, and 2-4 years for carrying a firearm without a license.  All sentences will run
concurrently.

1

2009). Appellant's petition for allowance of appeal to the Supreme Court of Pennsylvania was denied on July 11, 2011 (239 EAL 2011). On February 23, 2012, appellant timely filed a pro se petition for post conviction relief complaining of five instances of alleged trial/appellate counsel ineffectiveness, two instances of alleged prosecutorial misconduct and two instances of alleged trial Court error. PCRA counsel was appointed and filed an amended petition alleging that trial/appellate counsel was ineffective for failing to request a mistrial when the prosecutor engaged in misconduct during his opening statement, despite that his objection was sustained; for failing to object to alleged improper opinion testimony; for failing to request that the Court rule on an objection and strike the question when the prosecutor asked how many times had appellant been seen with a gun and the Court erred in denying the mistrial; for failing to request DNA testing of a hat found at the crime scene; and for failing to object to the Court's allegedly inadequate alibi jury instruction. The Commonwealth responded with a motion to dismiss refuting each claim. The Court conducted an independent evaluation of all of the submissions and the applicable law, and determined that appellant was not entitled to PCRA relief. A notice of intent to dismiss was filed and served on appellant on June 9, 2014. Appellant's petition for relief was formally dismissed July 11, 2014. This appeal followed.

An order dismissing a petition under the PCRA is reviewed in the light most favorable to the prevailing party at the PCRA level and is limited to the findings of

the PCRA court and the evidence of record. A PCRA court's ruling will not be disturbed if it is supported by evidence of record and is free of legal error. Commonwealth v. Ford, 2012 PA Super 98, 44 A.3d 1190, 1194 (Pa. Super. Ct. 2012). To prevail on his claims of counsel's ineffectiveness, appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Commonwealth v. Rivera, 10 A.3d 1276, 1279 (Pa.Super.2010). The failure to satisfy any prong of this test will cause the entire claim to fail. Commonwealth v. Daniels, 947 A.2d 795, 798 (Pa.Super.2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. Commonwealth v. McDermitt, 2013 PA Super 113, 66 A.3d 810, 813 (Pa. Super. Ct. 2013).

Appellant first complains that trial counsel was ineffective when he failed to raise the issue of prosecutorial misconduct and move for a mistrial where the prosecutor referenced the murder of the victim's brother and the victim's suffering mother in his opening statement. This claim is belied by the record. When the prosecutor made the statement, trial counsel objected, and moved for a mistrial. The Court sustained the objection, ordered that the statement be stricken, but denied counsel's motion for mistrial and gave a cautionary instruction. (N.T. 07/29/08 pg. 63-68) Not every intemperate or improper remark mandates the granting of a new trial. The remedy of a mistrial is an extreme remedy required

3

only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal. Commonwealth v. Judy, 2009 PA Super 148, 978 A.2d 1015, 1019 (Pa. Super. Ct. 2009). A prosecutor's remarks do not constitute reversible error unless their unavoidable effect ... [was] to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict. Commonwealth v. Ragland, 2010 PA Super 32, 991 A.2d 336, 340 (Pa. Super. Ct. 2010). Moreover, in addition to giving the cautionary instruction, the Court instructed the jury that the arguments of counsel are not evidence. (N.T. 07/29/08 pg. 35, 36, 45, 68) A jury is presumed to follow the Court's instructions. Accordingly, this claim fails. See Commonwealth v. Stokes, 576 Pa. 299, 311, 839 A.2d 226, 233 (2003)(The court's instruction that a prosecutor's comments do not constitute evidence was sufficient to remove any prejudice, as a jury is presumed to follow the court's instructions).

Appellant next complains that trial counsel was ineffective for failing to object to two police officer witnesses testifying that, at 4:30 am they could see the crime scene without the assistance of a flashlight, alleging that it was not relevant to the issue of whether eyewitness Mylan Harrison (Harrison) could see at the time of the incident. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Commonwealth v. Flamer, 2012 PA Super 186, 53 A.3d 82, 88 (Pa. Super. Ct. 2012) citing Pa.R.E. 401.

4

Harrison testified that he was walking down the street near midnight when he observed appellant shoot McCorey. On cross-examination, trial counsel consistently challenged Harrison's ability to see what he testified he observed. The officers each testified about the lighting conditions at the time they were at the crime scene. Officer Clyde Frazier of the Crime Scene Investigation Unit testified that, when he was at the crime scene from about 1:30 am to 3:15 am, he had no trouble seeing because the street was already lit by street lights and lights on houses. (07/29/08 pg. 164-166) Detective Thomas Gaul of the Homicide Unit testified that, when he was on the crime scene at about 4:30 am, it was still dark as the sun had not yet risen but the street was lit by street lights and the lights on house. (N.T. 07/30/08 pg. 39-41) The testimony was relevant, and admissible, to corroborate Harrison's testimony that the street was lit. (N.T. 07/29/08 pg. 244-245) Therefore, trial counsel had no reason to object to the testimony of the officers. Accordingly, this claim fails.

Appellant next complains that appellate counsel was ineffective for failing to raise an argument on appeal that the Court erred in denying the motion for mistrial when the prosecutor asked a question pertaining to appellant's possession of a gun. Whether to declare a mistrial is a decision which rests within the sound discretion of the trial court, whose exercise thereof will not be reversed absent an abuse of such discretion. Commonwealth v. Moury, 2010 PA Super 46, 992 A.2d 162, 175 (2010). On cross-examination, appellant's alibi witness, Ayanna Harris, appellant's

5

former girlfriend, was asked how many times she had seen appellant in possession of a gun. Before the witness could answer, trial counsel objected, moved to strike the question and requested a side bar. At side bar, counsel moved for a mistrial, arguing that the prosecutor was assuming facts not in evidence. (N.T. 07/30/08 pg. 235-239) The Court sustained the objection and counsel made a strategic decision that the question should not be answered so as not to highlight the information about a gun to the jury. (N.T. 07/30/08 pg. 240) Immediately thereafter, Court was adjourned until the following morning. The next morning, prior to continuing Harris' cross-examination, the Court instructed the jury that the last question they heard was stricken from the record and could not be considered, and that questions are not evidence. (N.T. 07/31/08 pg. 6) Juries are presumed to follow the instructions of a trial court to disregard inadmissible evidence. Commonwealth v. Manley, 2009 PA Super 227, 985 A.2d 256, 268 (2009). Therefore, the Court cured any potential prejudice by immediately sustaining the defense objection and instructing the jurors that they could not consider the question. Commonwealth v. Bryant, 620 Pa. 218, 242, 67 A.3d 716, 730 (2013). Accordingly, counsel cannot be deemed ineffective for failing to raise a meritless claim.

Next, appellant complains that trial counsel was ineffective for failing to object to an alleged inadequate alibi jury instruction. It is well-settled that the trial court has wide discretion in fashioning jury instructions. Commonwealth v. Scott, 2013 PA Super 164, 73 A.3d 599, 602 (2013). The key inquiry is whether the instruction on a particular issue adequately, accurately and clearly presents the law

6

to the jury, and is sufficient to guide the jury in its deliberations. Id. The Court

instructed the jury on alibi as follows:

> In this case, the defendant has presented evidence of an alibi, that is,
> that he was not present at the scene or was rather at another location
> at the precise time that the crime took place. You should consider this
> evidence along with all the other evidence in the case in determining
> whether the Commonwealth has met its burden of proving beyond
> reasonable doubt that a crime was committed and that the defendant
> himself committed it. The defendant's evidence that he was not
> present, either by itself or together with other evidence, may be
> sufficient to raise a reasonable doubt of his guilt. If you have a
> reasonable doubt of the defendant's guilt, you must find him not guilty.

(N.T. 07/31/08 pg. 199-200) The alibi instruction given by the Court tracked the

wording used in the Pennsylvania Suggested Standard Jury Instructions.[2] Thus,

the Court accurately and properly set forth the law in its jury instruction. See

Commonwealth v. Kerrigan, 2007 PA Super 63, 920 A.2d 190, 198 (2007)(we note

that the language used by the trial court closely tracked the language in the

Pennsylvania Standard Criminal Jury Instructions, and it presumed that such

instructions are an accurate statement of the law). Consequently, trial counsel was

not ineffective for failing to raise a meritless objection and appellant's

ineffectiveness claim fails.

---

[2] In this case, the defendant has presented evidence of an alibi, that is, that [he] [she] was not present at the scene or was rather at another location at the precise time that the crime took place. You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt that a crime was committed and that the defendant [himself] [herself] committed [or took part in committing] it. The defendant's evidence that [he] [she] was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of [his] [her] guilt. If you have a reasonable doubt of the defendant's guilt, you must find [him] [her] not guilty. Pa. SSJI (Crim), §3.11 (2005)

Finally, appellant complains that trial counsel was ineffective when she failed to move for DNA analysis on a black baseball cap recovered from the curb in front of 2536 West Sergeant Street by the crime scene unit. There was no testimony about the cap at trial. Appellant speculates that, because there is nothing in the record to associate the hat with the victim, there is an inference that it was associated with the person that shot the victim. Speculation is insufficient to form the basis of an ineffectiveness claim. See Commonwealth v. Sepulveda, 618 Pa. 262, 303, 55 A.3d 1108, 1133 (2012)(counsel cannot be deemed ineffective for failing to raise the speculative claim appellant now faults him for). Furthermore, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if she chose a particular course that had some reasonable basis designed to effectuate her client's interests. Commonwealth v. Koehler, 614 Pa. 159, 36 A.3d 121, 132 (2012). Trial counsel had a reasonable basis for not having the hat tested; it could have implicated appellant! Moreover, counsel's chosen strategy will be found to have lacked a reasonable basis only if [appellant] proves that the alternative strategy not selected offered a potential for success substantially greater than the course actually pursued. Commonwealth v. Busanet, 618 Pa. 1, 18, 54 A.3d 35, 46 (2012). Appellant has not done so. Notwithstanding, appellant has failed to show that he was prejudiced by counsel's decision not to have the hat DNA tested. To establish prejudice, [appellant] must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. Id. Again, appellant has failed to so

8

demonstrate. As a result, this claim fails. See <u>Commonwealth v. Spotz</u>, 84 A.3d 294, 311 (Pa. 2014)(If a petitioner fails to prove any of the [<u>Pierce</u> ineffective test] prongs, his claim fails).

For the foregoing reasons, appellant's petition for PCRA relief was properly dismissed.

BY THE COURT:

SHEILA WOODS-SKIPPER,  PJ