J-S68013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM MOORE, | |
| Appellant | No. 1738 WDA 2015 |

Appeal from the PCRA Order October 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006900-2008

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 04, 2016**

Appellant, William Moore, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   In addition, counsel for Appellant has filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).   After review, we grant counsel's petition to withdraw and affirm the order of the PCRA court.

In its opinion, the PCRA court set forth the relevant facts and procedural history of this matter as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] was charged [on August 19, 2008] with Rape of a Child,[1] Unlawful Contact with a Minor,[2] Statutory Sexual Assault,[3] Aggravated Indecent Assault,[4] Indecent Exposure,[5] Endangering the Welfare of a Child[6] and Corruption of Minors[7] in relation to a series of incidents between [Appellant] and his paramour's granddaughter which occurred when she was between the ages of nine (9) and 13. [Appellant] appeared before this Court on September 21, 2010, and, pursuant to a plea agreement with the Commonwealth, entered a plea of nolo contend[e]re to the Unlawful Contact, Statutory Sexual Assault and Aggravated Indecent Assault charges. The remaining charges were withdrawn. Also pursuant to the plea agreement, he was immediately sentenced to a term of imprisonment of three and one half (3½) to seven (7) years, with a subsequent term of probation of five (5) years. No Post-Sentence Motions were filed and no direct appeal was taken.

[1] 18 Pa.C.S.A. §3121(c)
[2] 18 Pa.C.S.A. §6318(1)
[3] 18 Pa.C.S.A. §3122.1
[4] 18 Pa.C.S.A. §3125(a)(7)
[5] 18 Pa.C.S.A. §3127(a)
[6] 18 Pa.C.S.A. §4304(a)
[7] 18 Pa.C.S.A. §6301(a)

No further action was taken until August 20, 2013, when [Appellant] filed a Petition to Vacate Illegal Sentence. Given its untimely nature, this Court returned the Petition to [Appellant] with instructions on how to obtain the appropriate PCRA Petition forms. Thereafter, [Appellant] filed a pro se Post Conviction Relief Act Petition on September 30, 2013. Counsel was appointed to represent [Appellant], but she later filed a Turner "No-Merit" letter and sought permission to withdraw. [Appellant's] PCRA Petition was subsequently dismissed as untimely on December 17, 2013. [Appellant] sought appellate review, and in a Memorandum Opinion dated October 6, 2014, the Superior Court vacated this Court's Order of December 17, 2013[8] and remanded the case to allow [Appellant] to proceed on with a timely PCRA Petition. [**Commonwealth v. Moore**, 34 WDA 2014, 108 A.3d 104 (Pa. Super. filed October 6, 2014) (unpublished memorandum).]

[8] The Superior Court reasoned that a Motion to Withdraw Guilty Plea which appeared on the docket

- 2 -

as being filed on December 10, 2010, but of which this Court had no notice, should have been treated as a timely Post Conviction Relief Act Petition.

Pursuant to the Superior Court's instructions, counsel was appointed to represent [Appellant], and a PCRA Petition was filed on February 19, 2015 and accepted as timely. Following a thorough review of the record and an evidentiary hearing, this Court denied the Petition on October 1, 2015. This appeal followed.

PCRA Court Opinion, 4/12/16, at unnumbered 1-2.

On June 28, 2016, PCRA counsel filed a petition to withdraw and a *Turner*/*Finley* letter. When counsel seeks to withdraw from representing a petitioner in a collateral appeal, the following conditions must be met:

1. As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2. PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3. PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4. PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5. The court must conduct its own independent review of the record in light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6. The court must agree with counsel that the petition is meritless.

*Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) (internal punctuation marks omitted).

In the present case, counsel complied with the requirements for withdrawal from a collateral appeal. In the motion filed with this Court, counsel alleged that he extensively reviewed the case, evaluated the issues, and concluded there were no issues of merit. Counsel also listed the issues relevant to this appeal, and explained why, in his opinion, the appeal is without merit. In addition, counsel averred that he sent Appellant a copy of the motion to withdraw and the no-merit letter, which advised Appellant of his right to proceed *pro se* or through privately retained counsel. Thus, we will allow counsel to withdraw if, after our review, we conclude that the issues relevant to this appeal lack merit.

In the ***Turner/Finley*** letter, counsel raised the following issues:

1. Whether trial counsel gave ineffective assistance when counsel failed to explain to Appellant that because Appellant did not plead guilty but instead plead *nolo contendere*, Appellant would not be released until he admitted his guilt?

2. Whether trial counsel gave ineffective assistance when counsel promised that Appellant would be released at his minimum if he plead *nolo contendere*?

***Turner/Finley*** Letter at 3-4.

In addition, after PCRA counsel filed his ***Turner/Finley*** letter and petition to withdraw as counsel, Appellant filed a *pro se* response and

objection to the ***Turner/Finley*** letter and counsel's petition. In Appellant's *pro se* response, the only "issue" he appears to raise is an assertion that PCRA counsel admitted to him that counsel "made errors" and "deeply apologized" for mistakes in the ***Turner/Finley*** Letter. Appellant *Pro Se* Response, 9/2/16.

The admission of errors and apology were, in fact, statements counsel made in a June 29, 2016 letter that he mailed to this Court and Appellant wherein counsel apologized to our Court for a misstatement of fact in the ***Turner/Finley*** letter. Letter, 6/29/16. That misstatement was based on counsel's errant belief that Appellant was no longer incarcerated rendering the PCRA petition moot.[1] ***Id***. Counsel recognized his mistake and requested this Court to disregard that incorrect statement. ***Id***. We conclude that, aside from referencing counsel's apology for his misstatement, Appellant has not raised any other issues or claims of error in his *pro se* response. Accordingly, we address only counsel's petition to withdraw and the issues presented in the ***Turner/Finley*** letter.

_____

[1] We point out that a PCRA petition is not rendered moot and a PCRA petitioner is not ineligible for relief simply because the petitioner is not incarcerated. Rather, in order to be eligible for PCRA relief, a petitioner must be currently serving a sentence of imprisonment **or be on probation or parole**. 42 Pa.C.S. § 9543(a)(1)(i). Ultimately, counsel's misstatement is of no moment as Appellant **is currently eligible** for relief under 42 Pa.C.S. § 9543(a)(1)(i) because he remains incarcerated.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). A PCRA court's credibility findings are to be accorded great deference. **Commonwealth v. Dennis**, 17 A.3d 297, 305 (Pa. 2011) (citation omitted). "Where the record supports the PCRA court's credibility determinations, such determinations are binding on a reviewing court." **Id**. (citation omitted).

Both issues raised in the **Turner/Finley** letter are based on allegations that Appellant received ineffective assistance of counsel. In order to plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Stewart**, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. **Commonwealth v. Martin**, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel.

*Commonwealth v. Montalvo*, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citing *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998)).

Moreover, ineffective assistance of counsel claims in connection with the entry of a guilty plea[2] serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing

_____

[2] We are cognizant that in the case at bar, Appellant entered a plea of *nolo contendere*.

> It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case. We are aware that by entering a *nolo contendere* plea, a defendant does not admit that he is guilty. As the United States Supreme Court has held, a plea of *nolo contendere* is a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him as if he were guilty. The difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case.

*Commonwealth v. V.G.*, 9 A.3d 222, 226 (Pa. Super. 2010) (internal citations and quotation marks omitted).

plea. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id*. (citation and quotation marks omitted).

Appellant alleges that counsel informed him that he would be paroled after serving his minimum sentence, and when Appellant was not paroled, Appellant claimed that it was because he did not admit his guilt. The PCRA court concluded that these issues were meritless. PCRA Court Opinion, 4/12/16, at unnumbered 4-5. We agree.

There is no evidence of record revealing that counsel informed Appellant that he would be paroled after serving his minimum sentence. Indeed, the opposite is true. At the PCRA hearing, Appellant's plea counsel testified that "In 15 going on 16 years of doing criminal defense work, I have never with any defendant promised them that they would be paroled at their minimum. That's an impossibility." N.T., 9/30/15, at 13. The PCRA court was free to credit this testimony and discredit Appellant's contrary allegation. *Dennis*, 17 A.3d at 305. On review, we discern no basis upon which to find that the PCRA court erred in crediting PCRA counsel's testimony. Accordingly, we conclude this issue is frivolous.

Moreover, we find no merit in the argument that counsel was ineffective for failing to inform Appellant that he would not be paroled if he

pled *nolo contendere* as opposed to guilty. Appellant bases this claim on the bald assertion that one cannot be paroled unless he admits his guilt to the Pennsylvania Board of Probation and Parole. ***Turner/Finley*** letter at 4. We fail to see how this argument amounts to ineffective assistance of counsel. As determined above, PCRA counsel never informed Appellant that he would be paroled at his minimum. Additionally, the PCRA court explained:

> Although plea counsel testified that he did not advise [Appellant] he would be required to admit his guilt before being released (See PCRA Hearing Transcript, p. 11), there is no evidence whatsoever that [Appellant's] alleged failure to admit his guilt is the reason he was not released at his minimum. In fact, as the Commonwealth points out, [Appellant] himself has attached a Correctional Plan Evaluation from the Department of Corrections which indicates that [Appellant] had "verbalized responsibility for his offense" (See Commonwealth's Answer to PCRA Petition, Exhibit 2).[3] Absent any evidence from the Parole Board that [Appellant's] alleged failure to admit his guilt is the sole reason for the denial of his release, [Appellant] simply cannot sustain a claim for ineffectiveness in this regard.

---

[3] The document the PCRA court references is the Department of Corrections Correctional Plan–Evaluation. The Comments section of this form provides as follows:

> [Appellant] successfully completed Low Intensity Sex Offender Programming. He earned a total of 168 out of a possible 186 points. He attended all groups and was an active participant in group discussions. He verbalized responsibility for his offense, but does not appear to have insight into his motivation for offending. [Appellant] created an adequate Relapse Prevention Plan.

Commonwealth's Answer to PCRA Petition, 7/9/15, at Exhibit 2 (Correctional Plan–Evaluation).

PCRA Court Opinion, 4/12/16, at unnumbered 4.

We agree with the PCRA court. There is no evidence to sustain the averment that PCRA counsel was ineffective for failing to inform Appellant that he would not be paroled at his minimum unless he admitted his guilt. Such a claim presupposes that Appellant would have been paroled had he taken responsibility for the crimes he committed. However, as discussed above, the record reveals that even after Appellant admitted his responsibility for his crimes, he was not paroled. As both the PCRA court and the Commonwealth point out, there are numerous reasons the Pennsylvania Board of Probation and Parole could deny release unrelated to a defendant's admission of guilt. PCRA Court Opinion, 4/12/16, at unnumbered 4; Commonwealth's Brief at 13-14. Accordingly, there is no evidence of prejudice and Appellant's claim fails.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. The record supports the PCRA court's credibility determinations, and we agree with counsel that Appellant's claims lack merit. Moreover, having conducted an independent review of the record in light of the PCRA petition, as well as the contents of counsel's petition to withdraw and brief, we agree that the PCRA petition is meritless and permit counsel to withdraw. *Daniels*, 947 A.2d at 798.

Petition to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/4/2016