J-S38021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE LUIS PERALTA, | |
| Appellant | No. 2971 EDA 2016 |

Appeal from the PCRA Order September 6, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007919-2011

BEFORE: GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2017**

Appellant, Jose Luis Peralta, appeals from the order denying his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, counsel for Appellant has filed an application to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because we find that counsel has not fully and accurately complied with the requirements of ***Turner***/***Finley***, we deny appellate counsel's request to withdraw at this time.

The trial court summarized the procedural history of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On September 4, 2011, [Appellant] was charged with attempted rape of a child; attempted involuntary deviate sexual intercourse with a child; attempted aggravated indecent assault of a child; indecent assault - forcible compulsion; burglary, criminal trespass, indecent assault, false imprisonment, unlawful restraint, simple assault, possession of a controlled substance, possession of drug paraphernalia, harassment, and criminal mischief. On December 5, 2011, a preliminary hearing was held. All charges were held for court.

On March 21, 2012, [Appellant] filed a petition for writ of *habeas corpus* challenging the sufficiency of the evidence presented at the preliminary hearing. On April 2, 2012, the [trial court] granted [Appellant's] *habeas corpus* petition as to the charges of attempted rape of a child; attempted involuntary deviate sexual intercourse with a child; attempted aggravated assault of a child; and indecent assault - forcible compulsion.

On April 15, 2012, [Appellant] entered a guilty plea to the remaining charges. On April 25, 2012, [Appellant] filed a motion to withdraw his guilty plea. On July 31, 2012, the [trial court] granted that motion.

On November 9, 2012, [Appellant] waived his right to a trial by jury and a [nonjury] trial was held[.] [Appellant] was found guilty of all remaining charges.

Trial Court Opinion, 10/3/13, at 5-6 (footnotes omitted).

On December 18, 2012, the trial court sentenced Appellant to serve an aggregate term of incarceration of seventeen and one-half to forty years, to be followed by two years of probation. Appellant filed timely post-sentence motions. The trial court held an evidentiary hearing on February 22, 2013. On May 23, 2013, the trial court vacated the sentence it had imposed for indecent assault, thus reducing Appellant's aggregate sentence to a term of incarceration of fifteen to thirty years, to be followed by two years of

probation. That same date, the trial court denied Appellant's remaining post-sentence motions.

This Court affirmed Appellant's judgment of sentence on direct appeal. *Commonwealth v. Peralta*, 102 A.3d 532, 1846 EDA 2013 (Pa. Super. filed April 15, 2014) (unpublished memorandum). Subsequently, Appellant filed a petition for reargument/reconsideration with this Court, which was denied by an order dated June 18, 2014. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on November 25, 2014. *Commonwealth v. Peralta*, 104 A.3d 3, 496 MAL 2014 (Pa. 2014)

On August 14, 2015, Appellant filed, *pro se*, the instant PCRA petition. The PCRA court appointed counsel to represent Appellant on September 29, 2015. On December 30, 2015, appointed counsel filed an amended PCRA petition. On February 23, 2016, the Commonwealth filed an answer to Appellant's amended PCRA petition. The PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907 on June 30, 2016. On July 19, 2016, appointed counsel filed a reply to the PCRA court's notice of intent to dismiss. The PCRA court denied Appellant's PCRA petition on September 6, 2016. This timely appeal followed.

Appellant's counsel filed with the PCRA court a statement pursuant to Pa.R.A.P. 1925(c)(4), indicating his intent to seek permission to withdraw and noting that there were no meritorious issues supporting the appeal. The PCRA court did not draft a Pa.R.A.P. 1925(a) opinion but rather, authored a

letter explaining that in light of PCRA counsel's statement pursuant to Pa.R.A.P. 1925(c)(4), it was directing that the record be forwarded to this Court for review.

On March 10, 2017, PCRA counsel filed with this Court an application to withdraw and a **Turner**/**Finley** letter. Prior to addressing the merits of Appellant's claims on appeal, we must determine whether counsel has fulfilled the procedural requirements for withdrawing his representation. **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). This Court has listed the following conditions to be met by counsel in seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner, supra** and **Finley, supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> * * *

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court-trial court or this Court-must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted) (brackets in original).

In the application filed with this Court, counsel explained that he had been appointed to represent Appellant at the PCRA proceedings, he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel also listed the issue relevant to this appeal in his no-merit letter and explained why the appeal is without merit. In addition, counsel appended to the application to withdraw a copy of the letter sent to Appellant, which advised Appellant that he could represent himself or that he could retain private counsel.

However, counsel's letter to Appellant contains the following poorly crafted language concerning Appellant's rights in lieu of representation:

> You have the right and [sic] to and can represent yourself now or retain new counsel now. **Should the Superior Court agree with my position, my appearance on your behalf will be withdrawn and you may then proceed, if you wish, either pro se or through privately retained counsel.** You have no right to new Court appointed, free counsel. Even though you may and can immediately retain new counsel, if you wish, or immediately commence representing yourself, not waiting for the Superior Court to decide whether I should be allowed to withdraw my appearance, you can also do that when and if the Superior Court grants my motion to withdraw as counsel.

Application to Withdraw as Counsel, 3/10/17, Exhibit B (emphasis added).

The above-cited language includes contradictory and confusing language pertaining to **when** Appellant may invoke his right to proceed *pro se* or through privately retained counsel. Specifically, the highlighted

sentence improperly conveys the conclusion that Appellant cannot proceed *pro se* or by privately retained counsel unless, or until, this Court rules on counsel's request to withdraw. Such information is incorrect.

As we clarified in **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2015):

> [I]n an appeal from the denial of a PCRA petition, if counsel files a petition to withdraw as appellate counsel in this Court, the letter to the client, *inter alia*, shall inform the PCRA petitioner that **upon the filing of counsel's petition to withdraw**, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel.

**Id**. at 512 (emphasis in original).

Here, as we concluded in **Muzzy**, "[c]ounsel's letter to Appellant renders [his] attempt to withdraw as counsel defective under relevant case law prescribing the proper procedure for withdrawal in a collateral appeal." **Id**. Accordingly, we conclude that counsel's petition to withdraw is deficient, and deny it at this juncture.

In addition, we note that in a letter accompanying his application to withdraw, PCRA counsel stated the following:

> Due to [Appellant's] inability to understand English, I have arranged to have everything (except this Court's April 14, 2015 opinion) I am filing translated into Spanish by the Spanish interpreter for the Bucks County Court of Common Pleas. I do not expect that to [be] available for four weeks or so, but when it is[,] I will file it along with a translator's certification.

J-S38021-17

Letter, 3/10/17, at 1.[1]

The statute governing the use of interpreters in judicial matters provides, in relevant part, as follows:

> **(a) Appointment of certified interpreter.--** Upon request or sua sponte, if the presiding judicial officer determines that a principal party in interest or witness has a limited ability to speak or understand English, then a certified interpreter **shall** be appointed, unless the certified interpreter is unavailable as provided in subsection (b)[, relating to appointment of otherwise qualified interpreter].

42 Pa.C.S. § 4412(a) (emphasis added). Thus, "[a]s a general rule, the determination of whether an interpreter is warranted in a particular case is within the sound discretion of the trial court." ***Commonwealth v.***

_____

[1] We note that PCRA counsel has filed with this Court the Spanish translations of the English documents he previously filed with this Court. In addition to those documents, counsel included a signed and sealed certification of accuracy from the certified translator which states the following:

> Re: Translation of documents related to [Appellant]
>
> I, Mariana Stolee, hereby attest that I am a translator certified by the American Translators Association for English-Spanish, and a PA certified English-Spanish court interpreter; that I have translated the "body only", as requested, of the following documents: Letter to [Superior Court Deputy Prothonotary] dated March 10, 2017, Application of Appellant's Counsel for Leave to Withdraw his Appearance Due to Lack of Meritorious Issues, letter to [Superior Court Deputy Prothonotary] dated January 12, 2017, and letter to [Appellant] dated March 11, 2017; and that to the best of my knowledge, ability, and belief these translations are a true, accurate, and complete translation of the original English documents.

Certification of Accuracy, 4/5/17, at 1.

- 7 -

*Rashawn Tahi Knox*, 142 A.3d 863, 868 (Pa. Super. 2016) (quoting *In re Garcia*, 984 A.2d 506, 511 (Pa. Super. 2009)).

While our review of the certified record reflects that interpreters were present at each hearing held in this matter, we observe that the record lacks a specific order or determination from the trial court directing that a certified interpreter be appointed. However, we note that at Appellant's guilty plea hearing held on April 16, 2012, the trial court made the following inquiry, which reflects its understanding of the necessity of an interpreter for Appellant:

> Other than [Appellant], does everybody read, write and understand the English language?

N.T., 4/16/12, at 3. Consequently, we are constrained to conclude that a certified interpreter is necessary at all levels in this case. Therefore, we direct that any documents sent to Appellant be properly translated for Appellant and that applicable certification documentation shall be filed with the appropriate court.

In summary, counsel is hereby instructed to refile his "no-merit" letter under *Turner*/*Finley*. His letter to Appellant shall provide, *inter alia*, accurate notice of Appellant's immediate right to proceed *pro se* or with private counsel. *Muzzy*, 141 A.3d at 512. Moreover, any documents sent by counsel to Appellant must be translated and proper documentation must be filed with the appropriate court. Mindful of the need for proper translation of documents, counsel's revised petition to withdraw and

- 8 -

certification of translation shall be filed within forty-five days of the date of this decision. Appellant shall have thirty days from receipt of the revised petition to file either a *pro se* brief or a brief by newly retained private counsel, if he so chooses. The Commonwealth will then have thirty days in which to file a responsive brief.

Petition to withdraw as counsel denied. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017