J-S34042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ASHTON ANTHONY PULLIUM-JONES | : | |
| | : | |
| Appellant | : | No. 1284 WDA 2021 |

Appeal from the PCRA Order Entered September 29, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003045-2016

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:             **FILED:  October 7, 2022**

Ashton Anthony Pullium-Jones (Pulliam-Jones) appeals from the order entered in the Court of Common Pleas of Erie County (PCRA court) denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  This case returns to us for disposition after we remanded for the appointment of substitute counsel to file an amended Rule 1925(b) statement, enabling Pullium-Jones to challenge PCRA counsel's conclusion that his petition was untimely with no exception pleaded or proven pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).[1]  Counsel has filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pursuant to **Bradley**, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA

*(Footnote Continued Next Page)*

a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). We affirm and grant counsel's petition to withdraw.

We take the following background and procedural history from our independent review of the record.

### I.

On January 30, 2017, Pulliam-Jones pleaded guilty to two counts of possession with intent to deliver and one count of resisting arrest.[2] On March 24, 2017, the trial court sentenced him to an aggregate term of not less than eighteen nor more than sixty months' imprisonment, plus probation. Pulliam-Jones did not file a direct appeal.

Approximately four years later, on June 3, 2021, Pulliam-Jones filed a motion to set aside sentence in which he argued that his convictions should have been merged for sentencing. The court properly treated the motion as a first PCRA petition. On August 16, 2021, PCRA counsel filed a petition to withdraw and a **Turner**/**Finley** "no merit" letter in which she concluded that the PCRA petition was untimely, with no exception pleaded and proven. Curiously, although the court denied PCRA counsel's request to withdraw on

---

counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Bradley**, 261 A.3d at 401.

[2] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 5105, respectively.

August 27, 2021, it then issued notice of its intent to dismiss the PCRA petition on August 30, 2021, for the same reasons advanced by PCRA counsel. **See** Pa.R.Crim.P. 907(1). It then formally dismissed the petition on September 29, 2021.

On October 29, 2021, PCRA counsel filed a notice of appeal on behalf of Pulliam-Jones in which she raised one issue challenging the court's denial of her petition to withdraw. On February 8, 2022, PCRA counsel filed a petition for remand for the appointment of new counsel on behalf of Pulliam-Jones. In it, she represented that she spoke with Pulliam-Jones, who told her he wants appellate review of her conclusion that the PCRA petition was untimely and requested the appointment of new counsel pursuant to **Bradley**. (**See** Petition for Remand, 2/08/22, at ¶ 9).

On March 7, 2022, this Court issued a *per curiam* order remanding the case for the PCRA court to appoint substitute appellate counsel for the limited purpose of filing an amended Rule 1925(b) statement. (**See** *Per Curiam* Order, 3/07/22). The court appointed new counsel pursuant to our order[3] and on April 5, 2022, appointed counsel filed a statement of intent to file a **Finley**

---

[3] On May 16, 2022, PCRA counsel moved to withdraw in this Court since the PCRA court had appointed new counsel. We granted the petition on May 23, 2022.

brief[4] because he concurred with PCRA counsel, after independent review, that the PCRA petition was untimely with no relief due.[5] On August 2, 2022, counsel filed a **Finley** brief and petition to withdraw.

## II.

## A.

As a preliminary matter, we must determine if appointed appellate counsel has fulfilled all procedural requirements for withdrawing. **See Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008). As we have explained:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [**Turner/Finley**. Under] **Turner/Finley** [,] counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

---

[4] In the PCRA context, appointed counsel seeking to withdraw must file a **Turner**/**Finley** letter, not a brief. However, as a brief provides greater protection, we may accept a "brief" in lieu of a "no-merit letter." **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[5] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. **See Commonwealth v. Lopez**, 249 A.3d 993, 998 (Pa. 2021). We apply a *de novo* standard of review to the PCRA court's legal conclusions. **See id.**

. . .

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court— trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (internal citations omitted).

Instantly, counsel has substantially complied with **Turner**/**Finley**. He filed a **Finley** brief and after independent review, found that PCRA counsel provided effective assistance where Pulliam-Jones's petition was untimely, with no exception pleaded or proven.

**B.**

Before considering the merits of Pulliam-Jones's PCRA petition, we must first determine whether the PCRA court and PCRA counsel properly found that it is untimely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are

jurisdictional in nature, courts cannot address the merits of an untimely petition. **See Commonwealth v. Moore**, 247 A.3d 990, 998 (Pa. 2021).

Pulliam-Jones's judgment of sentence became final on April 23, 2017, when his time to file an appeal to this Court expired. **See** 42 Pa.C.S. § 9543(b)(3). Because Pulliam-Jones did not file the instant PCRA petition until approximately four years later, on June 1, 2021, it is facially untimely, and we lack jurisdiction to consider the appeal's merits unless he pleads and proves one of the three limited exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Although a merger claim challenges the legality of sentence, which is always subject to review within the PCRA, such a claim "must still first satisfy the PCRA time limits or one of the exceptions thereto." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008). Instantly, Pulliam-Jones did not invoke any timeliness exceptions in his petition, nor upon independent review do we conclude that any is

applicable. Accordingly, his untimely petition was properly dismissed.[6] Further, our independent review does not reveal any applicable timeliness exceptions or other non-frivolous issues.

Hence, PCRA counsel was not ineffective. A petitioner is only entitled to "an independent review of the record by competent counsel." *Finley*, 550 A.2d at 215 (citation omitted). Here, PCRA counsel filed a "no-merit" letter detailing her review and her finding that Pulliam-Jones's issue lacked merit and she provided him with a copy of the letter. The PCRA court agreed with counsel's finding and dismissed his petition on this basis. Thus, counsel provided effective assistance. *See id.*; *see also Commonwealth v. Spotz*, 896 A.2d 1191, 1222 (Pa. 2006) ("[C]ounsel will not be deemed ineffective for failing to raise a meritless claim."). We affirm the court's order dismissing the petition and appellate counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

_____

[6] In fact, even if the PCRA petition was subject to a timeliness exception, it would not merit relief because the two PWID counts to which Pulliam-Jones pleaded guilty involved separate criminal acts. *See* 42 Pa.C.S. § 9765 ("No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act."); *see Commonwealth v. Martinez*, 153 A.3d 1025, 1030 (Pa. Super. 2016) ("When considering whether there is a single criminal act or multiple criminal acts, the question is … whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime.") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/07/2022