J-S22020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ARIES RUMLEY | : | |
| Appellant | : | No. 2464 EDA 2021 |

Appeal from the Order Entered November 15, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0008286-2018

BEFORE:    BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED JANUARY 4, 2023**

Aries Rumley (Appellant) appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, denying his motion seeking eligibility for the in-prison State Drug Treatment Program.[1]  We determine Appellant's motion should have been construed as an untimely petition under the Post Conviction Relief Act[2] (PCRA), and furthermore that all of his issues on appeal are waived for failure to raise them before the trial court. Accordingly, we affirm.

---

[1] Effective February 17, 2020, this program replaced the State Intermediate Punishment (SIP) program.  **See** 61 Pa.C.S. § 4101, *note*.  **See also** 61 Pa.C.S. § 4104(a)(1) (sentencing court shall employ sentencing guidelines to identify persons eligible for State Drug Treatment Program), (c) (if the Department of Corrections, in its discretion, believes an eligible person would benefit from program, it shall make the placement).

[2] 42 Pa.C.S. §§ 9541-9545.

On August 13, 2019, Appellant entered a negotiated guilty plea to possession with intent to deliver a controlled substance[3] and received a sentence of four to eight years' imprisonment. He did not take a direct appeal.

On January 29, 2020, Appellant filed a timely *pro se* PCRA petition. The trial court appointed counsel, who filed a **Turner**/**Finley** no-letter merit and petition to withdraw,[4] addressing Appellant's allegations of plea counsel's ineffective assistance. The trial court granted counsel's petition to withdraw and, on October 13th, dismissed the PCRA petition. Appellant did not appeal.

Next, on July 13, 2021, Appellant filed a *pro se* "Motion for Reconsideration of Sentence *Nunc Pro Tunc*," seeking modification of his sentence such that he would be eligible for the State Drug Treatment Program. The trial court denied this motion on July 15th.

Three months later, on November 3, 2021, Appellant filed the underlying "Motion to Modify Sentence," which is nearly identical to his July 13th filing. Appellant explained he was not seeking resentencing, but merely eligibility for the State Drug Treatment Program. He further stated he had completed, and benefitted from, a "substance abuse Therap[e]utic Community Program." Appellant's Motion to Modify Sentence, 11/3/21, Exh. Letter.

---

[3] 35 P.S. § 780-113(30).

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On November 15, 2021, the trial court denied the motion. It reasoned that because Appellant requested relief more than 30 days after sentencing, the court lacked jurisdiction under 42 Pa.C.S. § 5505 to modify the sentence.[5] Trial Ct. Op., 3/23/22, at 4-5. Appellant filed a timely *pro se* appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6]

On appeal, Appellant first avers that at his plea and sentencing hearing, he was not advised on the record of his post-sentence and direct appeal rights, resulting in a "breakdown" of court procedures. Appellant's Brief at 3-4. Next, Appellant contends his plea counsel was ineffective for not informing the trial court of his substance abuse issues. Appellant reasons this information would have led to the court to recommend in-prison drug treatment. *Id.* at 5. Appellant's reply brief essentially argues the same. No relief is due.

_____

[5] *See* 42 Pa.C.S. § 5505 (a court may modify or rescind any order within 30 days if no appeal from such order has been taken or allowed).

[6] The trial court's Rule 1925(b) order was issued on November 30, 2021, and required a statement to be filed within 21 days, or by December 21st. Appellant, however, did not file a statement until March 10, 2022. He averred he did not receive the court's order until March 3, 2022, and provided a copy of an envelope, from the court to Appellant in prison, with postage showing a March of 2022 date. In light of our disposition *infra*, we do not address the question of whether the Rule 1925(b) statement was filed late. *See* ***Commonwealth v. Burton***, 973 A.2d 428, 430 (Pa. Super. 2009) (*en banc*) (untimely filing of Rule 1925 concise statement results in waiver of all issues).

First, we determine Appellant's November 3, 2021, motion should have been construed as an untimely petition under the PCRA. ***See Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) ("[T]he PCRA provides the sole means for obtaining collateral review, and . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). As Appellant was sentenced on August 13, 2019, he had 30 days, or until September 12th, to take a direct appeal. ***See*** Pa.R.A.P. 903(a). When he did not, his judgment of sentence became final, for PCRA purposes, on that day. ***See*** 42 Pa.C.S. § 9545(b)(3). Appellant then generally had one year, or until September 12, 2020, to file a PCRA petition. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant did not file the underlying motion until November 3, 2021, and he did not invoke any of the PCRA's timeliness exceptions. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Accordingly, we conclude the trial court lacked jurisdiction to hear the motion and it properly denied relief.[7] ***See Fowler***, 930 A.2d at 590-91 (PCRA timeliness requirements are mandatory and jurisdictional in nature).

In any event, we determine Appellant's arguments on appeal are waived for failure to raise them before the trial court. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time

---

[7] ***See Commonwealth v. Daniels***, 947 A.2d 795, 800 (Pa. Super. 2008) (this Court may affirm an order denying PCRA relief on any ground).

on appeal."). The only claim presented in Appellant's motion was a request for the trial court to proclaim him eligible for the State Drug Treatment Program. Thus, no relief would be due.

For the foregoing reasons, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/04/2023